[Crim. No. 1909.   Third Dist.   Oct. 3, 1945.]

In re JOSEPH DANIEL LONCARIC, on Habeas Corpus.

Joseph Daniel Loncaric, in pro per., for Petitioner.

Robert W. Kenny, Attorney General, Jess Hession, Assistant Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

THOMPSON, J.—By means of habeas corpus the petitioner seeks release from imprisonment in Folsom State Prison on the ground that he was erroneously determined to be an habitual criminal under section 644 of the Penal Code since he served imprisonment for one of the prior felonies, of which conviction he pleaded guilty, in the State Reformatory of Kansas, as distinguished from a state prison, as that section requires.

The petitioner was charged by an information filed in Los Angeles County of the crime of burglary and of three prior convictions of felonies. The first alleged prior conviction was apparently abandoned. The defendant pleaded guilty to the charge of burglary. He also admitted that he was guilty of the two other charges of prior convictions of burglaries, as alleged in the information. The court determined him to be an habitual criminal under section 644 of the Penal Code and sentenced him to state prison for the term prescribed by law.

Upon this proceeding the petitioner concedes that he suffered conviction of the last alleged prior felony, and that he served time therefor in the Missouri State Prison, as alleged in the information. The petitioner, however, challenges the second prior conviction of felony, to wit, burglary committed by him in the State of Kansas, June 17, 1929, for which it was alleged he was convicted and "served a term of imprisonment therefor *in a penal institution.*" The petition alleges, and the answer concedes, that the "penal institution" in which the petitioner served imprisonment for the last mentioned prior felony, was the "State Reformatory of Kansas."

The only point raised on this petition, upon which it is claimed the court erroneously determined the defendant to be an habitual criminal, is the assertion that a state reformatory may not be held to be a "State prison and/or Federal penitentiary," which are the only penal institutions in which service of imprisonment for former felonies may be considered in determining that the accused is an habitual criminal as provided by section 644 of the Penal Code.

That identical question has been determined adversely to the petitioner in the recent case of *In re Gilliam,* 26 Cal.2d 860 [161 P.2d 793]. In that case the Supreme Court says:

"It is the character of the institution and its inmates together with the nature of the proceedings leading to confinement therein which determine its status in relation to the

language of the code section [Pen. Code, § 644] under consideration. The word 'penitentiary' may be used in a sense sufficiently broad to include a 'reformatory' (50 C.J., § 3, Penitentiary, p. 330; *State* v. *Vaughn*, 15 Okla.Cr. 187 [175 P. 731]), and so it would appear here with reference to the federal reformatory wherein petitioner was imprisoned.''

We assume the preceding language applies likewise to a *state* reformatory, such as the institution in which the petitioner in this case was imprisoned in the State of Kansas. The opinion in the Gilliam case, *supra*, discusses that very question and so applies the ruling.

On the authority of *In re Gilliam*, the writ is discharged and the prisoner is remanded.

Adams, P. J., and Peek, J., concurred.