[Crim. No. 4839. In Bank. Apr. 29, 1948.]

In re JACK NORCUTT, on Habeas Corpus.

Jack Norcutt,· in pro. per., and Peter Mannino, under appointment by the Supreme Court, for Petitioner.

Fred N. Howser, Attorney General, Clarence A. Linn and Ruth Bernfeld, Deputy Attorneys General, for Respondent.

SCHAUER, J.—Petitioner, who is serving a term of imprisonment by virtue of a judgment that he is guilty of robbery of the first degree, by this application for the writ of habeas corpus attacks the determination that he is an habitual criminal. The information charged, petitioner admitted, and the trial court found that petitioner had suffered two prior convictions of grand theft in this state and had served terms of imprisonment therefor in a state prison. Petitioner contends that the first of these prior convictions is not legally competent to support the determination of habitual criminality because it does not appear from the judgment roll in the case of such prior conviction that the property stolen, a motorcycle, was of a value of more than $200. This contention is without merit.

In the proceeding which resulted in the mooted prior conviction, judgment was entered on petitioner's plea of guilty to the charge of "the crime of GRAND THEFT, a felony, committed as follows: That [petitioner] . . . about the 27th day of June, 1930, at . . . Los Angeles, . . . California, did unlawfully take away a certain motor vehicle, to wit, a Harley-Davidson motorcycle, which was then and there of the personal property of one George Butler." Petitioner has offered no evi-

dence that the offense was not in fact "GRAND THEFT, a felony," nor would such evidence be competent in this habeas corpus proceeding. The courts of this state cannot "take evidence to prove, and upon that evidence adjudicate for themselves, that a defendant was not guilty of a crime with which he had been charged, for which he had been tried or to which he had pleaded guilty, and of which he had been convicted in another state." (*In re Wolfson* (1947), 30 Cal.2d 20, 31 [180 P.2d 326].) The rule is equally applicable to a California conviction.

The writ is discharged and the petitioner is remanded to custody.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Spence, J., and Nourse, J. pro tem., concurred.