[Crim. No. 2067. Third Dist. July 6, 1948.]

THE PEOPLE, Respondent, v. ABBOTT F. McCONNELL et al., Defendants; JOHN D. EDWARDS, Appellant.

John D. Edwards, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Doris Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—On October 14, 1947, appellant Edwards and one Abbott F. McConnell were charged with robbery committed in San Joaquin County on October 3, 1947. Subsequently, and on November 12, 1947, an amended information was filed in which Edwards was charged with two priors, the first, "auto theft," alleged to have been committed in Kansas in 1928, followed by imprisonment in the State Industrial Reformatory at Hutchinson, Kansas, and the second, kidnapping, in the State of Kansas, alleged to have been committed in 1933, followed by imprisonment in the Kansas State Penitentiary. No priors were charged against McConnell.

Both defendants pleaded not guilty to the alleged robbery, but Edwards admitted the two priors. At the trial defendants were represented by the public defender. McConnell took the stand in his own behalf, but Edwards refrained from testifying. Both were convicted, the degree of the offense being fixed by the jury as robbery in the second degree. Judgment was pronounced against both and Edwards was adjudged to be an habitual criminal. A motion for a new trial was interposed by both and denied, and both appealed, though separately, from the judgment and from the order denying a new trial.

McConnell has not pursued his appeal, but Edwards, appearing personally, urges before this court that his adjudication as an habitual criminal was erroneous. While his briefs do not set forth very clearly the grounds for this contention, apparently they are that as his conviction in this state was for robbery of the second degree he was not a person subject to adjudication as an habitual criminal under section 644 of the Penal Code; second, that the first prior, "auto theft," is not one of the felonies enumerated in said section; and third,

that his service of sentence was in the Kansas Industrial Reformatory which is not a state prison, and that he is for that reason also excluded from the provisions of that section.

In the recent case of *People* v. *Stein,* 31 Cal.2d 630, 634 [191 P.2d 409], it was held that section 644 enumerates burglary without mention of the degree of the crime and therefore the degree is not material. Also see *In re Tedford,* 31 Cal.2d 693 [192 P.2d 3].

Answering the second point raised, and taking judicial notice of the laws of Kansas as we are authorized to do (Code Civ. Proc., § 1875, subd. (3) ; *In re McVickers,* 29 Cal. 2d 264, 278 [176 P.2d 40] ), the theft of an automobile was a felony in Kansas (Gen. Stats. of Kan. Anno., Corrick (1935), §§ 21-533 and 21-534) in 1928, when defendant's offense was committed there, and it constituted grand theft as defined in section 487 of our Penal Code; and in 1947, when defendant was convicted of robbery in California, grand theft was, and now is, included in section 644, *supra.* Therefore, under the decisions in *In re McVickers, supra,* and *In re Harincar,* 29 Cal.2d 403 [176 P.2d 58], the conviction of auto theft in Kansas was properly considered in adjudicating appellant an habitual criminal.

As for appellant's contention that imprisonment in the Kansas Industrial Reformatory does not constitute imprisonment in a state prison, within the provisions of section 644, *supra,* recent decisions of our Supreme Court are to the contrary. (See *In re Gilliam,* 26 Cal.2d 860 [161 P.2d 793] ; *In re Loncaric,* 71 Cal.App.2d 144 [162 P.2d 313] ; *People* v. *Stein, supra.* )

Appellant also urges that at his trial on the primary offense, the court should have tried the issue presented by the amended information regarding the two alleged priors. There is no merit in this contention since defendant admitted them. (*People* v. *De Soto,* 33 Cal.App.2d 478, 481 [92 P.2d 466].) Section 1025 of the Penal Code specifically provides that if a defendant admits the commission of the prior offenses, the charge of such convictions must not be read to the jury, nor alluded to on the trial. (See *People* v. *Hobbs,* 37 Cal.App. 2d 8 [98 P.2d 775].)

In his closing brief appellant raises points not made in his opening brief, and sets forth what he designates as statements of fact regarding his prior offenses—that he was a minor at the time of their commission, that the district attorney ad-

vised him to plead guilty on the promise of probation, that he had no legal counsel, and that the trial court erred in not ascertaining the degree or validity of such offenses. The general rule is that matters not raised in an opening brief may not be raised in a closing brief. (*People* v. *Todd,* 9 Cal.App.2d 237, 245 [49 P.2d 611].) But even if that rule be disregarded, appellant's contentions may not be considered here for the reason set forth in *In re Norcutt,* 31 Cal.2d 743, 744 [192 P.2d 453], that: "The courts of this state cannot 'take evidence to prove, and upon that evidence adjudicate for themselves, that a defendant was not guilty of a crime with which he had been charged, for which he had been tried or to which he had pleaded guilty, and of which he had been convicted in another state.' (*In re Wolfson* (1947), 30 Cal.2d 20, 31 [180 P.2d 326].)"

The judgment and the order denying a new trial are affirmed.

Peek, J., and Thompson, J., concurred.

A petition for a rehearing was denied July 20, 1948.