[Crim. No. 4842. Second Dist., Div. One. Sept. 12, 1952.]

THE PEOPLE, Respondent, v. WILLIAM D. KERR, Appellant.

William D. Kerr, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County on May 23, 1946, defendant was charged with the crime of robbery, a felony, committed on or about the 6th day of May, 1946.

The information further charged the defendant with two prior convictions.

On May 27, 1946, the public defender was appointed by the court as counsel for the defendant, and the latter was duly arraigned and waived reading of the information. On motion of defendant, the time to plead was continued to May 29, 1946.

On the last-named date defendant with his counsel present regularly entered his plea of "not guilty as charged in the information." He denied the prior convictions as alleged, and the trial of the cause was set for July 18, 1946.

On the latter date the trial was had by jury, and the defendant, outside the presence of the jury, admitted each prior conviction as alleged in the information. The jury returned a verdict finding defendant guilty of robbery, a felony, as charged in the information, and found the offense to be robbery of the second degree. Defendant made a motion for new trial which was denied. He waived time for sentence, and no legal cause appearing why judgment should not be pronounced, the court sentenced defendant to the state prison for the term prescribed by law.

The court also adjudged the defendant to be an habitual criminal pursuant to the provisions of section 644, subdivision (a), of the Penal Code.

On February 4 and 13, respectively, 1952, defendant filed in the superior court a notice of motion and motion to annul, vacate and set aside the judgment on the ground that the trial court was without jurisdiction to render judgment against him, in that he was denied the right to challenge or select any of the jurors that tried the cause and, therefore, he was deprived of his constitutional right to due process of law as guaranteed by the Constitution of the State of California and the 14th Amendment to the Constitution of the United States. A hearing on said motion was held on March 3, 1952, and the same was denied. From the order denying said motion defendant prosecutes this appeal.

■ At the time the motion to set aside the judgment was filed appellant made a written request that he be released from the state penitentiary at Folsom for the purpose of appearing in court to argue said motion. This request was denied by the trial court and it is now urged by appellant that his constitutional right to appear and defend in person was denied him. The failure of the trial court to order appellant's presence at this proceeding, brought to review or set

aside a judgment, was not error, since there is no constitutional or statutory right of an accused to demand his presence at such a proceeding. (*People* v. *Russell,* 139 Cal.App. 417, 419, 420 [34 P.2d 203]; *People* v. *Martin,* 78 Cal.App.2d 340, 343, 344 [177 P.2d 813].)

Appellant contends that he was denied the right to challenge or to ''select'' the jury before whom he was tried, and that because of this the trial court was without jurisdiction to proceed with the trial of the action.

■ Motions to vacate judgments of conviction are applications for relief in the nature of writs of error *coram nobis,* and this is a remedy of narrow scope. ■ The purpose of such a writ is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the accused, was not then known to the court. (*People* v. *Gilbert,* 25 Cal.2d 422, 442 [154 P.2d 657]; *People* v. *Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13]; *People* v. *Cook,* 97 Cal.App.2d 284, 285 [217 P.2d 498].) ■ The writ does not lie ''to correct an error of law, nor to redress an irregularity occurring at the trial that could be corrected on motion for new trial or by appeal'' (*People* v. *Martinez,* 88 Cal.App.2d 767, 771 [199 P.2d 375]).

Appellant asserts in his brief that he ''was denied the statutory right to challenge any of the jurors,'' and that, ''therefore, all the trial proceedings were null and void.'' He directs our attention to the fact that it does not appear from the record that any challenges were made.

■ The record is silent as to whether or not the trial court complied with sections 1066 and 1078 of the Penal Code. In the instant proceeding there is no affirmative showing that the trial judge neglected to do what the statutes required of him, and it must therefore be assumed that in the court below the requirements of the statutes were complied with. We perceive no good reason why the general rule is not applicable here. Nor does the failure of the minutes to indicate action by the trial court as to the matters covered by sections 1066 and 1078 of the Penal Code afford any evidence of failure to act as against the well settled presumption we have already referred to (*People* v. *Russell,* 156 Cal. 450, 457, 458 [105 P. 416]).

■ Where, as here, the judgment is regular on its face, the motion to vacate it must be denied. Just as a writ of

error *coram nobis* cannot be used to review matters that could have been passed upon on an appeal, a motion to vacate cannot be utilized to serve the purposes of an appeal. ■ And, where the question raised could have been presented by an appeal, after the time for appeal has expired, the trial court has no jurisdiction to grant such a motion (*People* v. *Ward*, 96 Cal.App.2d 629, 633 [216 P.2d 114]). ■ The writ of error *coram nobis* cannot be used to cure irregularities occurring at the trial except under circumstances of extrinsic fraud which actually deprive the accused of a trial on the merits. The writ is issued, as heretofore pointed out, to correct an error of fact existing at the time of trial but unknown to the trial tribunal through no fault of the accused, and which fact, had it been known, would have resulted in a different judgment, or would have prevented the rendition of the challenged judgment (*People* v. *Martinez, supra*, p. 771).

The case of *People* v. *Barrett*, 207 Cal. 47 [276 P. 1003], relied upon by appellant, does not aid his cause. In the case just cited, an appeal was taken from the judgment and the order denying a new trial. ■ In the instant case, appellant moved for a new trial, which motion was denied. No appeal was taken by him from either the judgment or the order denying his motion for a new trial. He cannot now, some five and a half years after judgment, substitute the writ of error *coram nobis* or a motion to vacate the judgment for the available remedy provided by statute.

■ Furthermore, an accused cannot be permitted to accept a jury, remain silent in the face of claimed irregularities in its selection and impanelment, speculate on obtaining a favorable verdict, and then, some five and a half years later, challenge those claimed irregularities by a writ of error *coram nobis* or a motion to vacate the judgment. If an accused omits at the proper time to interpose his objections to any irregularities, he is deemed to have waived them (*People* v. *Coffman*, 24 Cal. 230, 234).

■ An additional reason for affirming the order may be found in the unreasonable delay (five and a half years) on the part of appellant in filing his motion (*People* v. *Shorts*, 32 Cal.2d 502, 512 [197 P.2d 330]; *People* v. *Harincar*, 49 Cal.App.2d 594, 596 [121 P.2d 751].)

For the foregoing reasons, the order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.