[Crim. No. 4836. Second Dist., Div. Three. Oct. 3, 1952.]

THE PEOPLE, Respondent, v. RICHARD G. COSTELLO, Appellant.

Richard G. Costello, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Assistant Attorney General, for Respondent.

SHINN, P. J.—In the respondent's brief, prepared by Mr. Frank Richards, assistant attorney general, we find the following statement of the case and discussion of the several grounds of appeal urged by appellant:

"This is an appeal by defendant from an order denying his petition for a writ of error coram nobis. It appears that on March 7, 1951 an information was filed in the Superior Court of Los Angeles County charging defendant with three counts of forgery of a fictitious name in certain checks which he passed with intent to cheat and defraud. The information also alleged two prior convictions of forgery, one in 1940 and the other in 1948, and that defendant served a term of imprisonment therefor in the state prison. He was arraigned on March 9, 1951 and was represented by counsel. His time to plead was continued to March 16, 1951, at which time defendant pleaded not guilty, denied the prior convictions, and his trial was set for April 11, 1951. On March 30, 1951, defendant came into court with his counsel and entered the additional plea of not guilty by reason of insanity. Doctors were appointed by the court to examine defendant as to his sanity and the case was reset for trial on May 2, 1951. On this latter date, defendant withdrew his plea of not guilty and the trial on the issue of insanity and prior convictions was set for June 25, 1951. Nothing appears in the record on this date, but on July 16, 1951, defendant withdrew his plea of not guilty by reason of insanity and pleaded guilty to count one of the information. He also admitted the alleged prior convictions. On August 15, 1951, defendant was sentenced on count one to the state prison and the other counts in the information were dismissed.

"On February 14, 1952 defendant in propria persona filed in the Superior Court a petition for a writ of error coram nobis contending that his plea of guilty to count one of the information was entered under conditions of fraud, duress or mistake in that at the time of withdrawing his plea of not guilty and entering a plea of guilty to count one, his intentions were merely to permit the court to pass upon the insanity issue without a jury. Attached to his petition are several affidavits from friends who state that he is an alcoholic

and when drunk is not conscious of what he is doing. There are also letters to the effect that defendant has been in the Cook County Hospital, Chicago, Illinois, for chronic alcoholism and was classified as having a psychopathic personality. From the order denying his petition, defendant filed notice of appeal and also from the judgment rendered August 15, 1951. His appeal from the judgment should be dismissed for the reason that such appeal was not taken within ten days after the rendition of the judgment. (See: Rule 31, Rules on Appeal; *In re Horowitz*, 33 Cal.2d 534, 537 [203 P.2d 513]; *People* v. *Behrmann*, 34 Cal.2d 459, 461 [211 P.2d 575].)

"On behalf of his appeal, defendant contends that he was deprived of an adequate and proper presentation of his defense through negligence and incompetency of his counsel; that through no lack of diligence on his part the true facts of his case were never presented to the court; that the true facts of the case are that he was a chronic alcoholic and had a psychopathic personality and had suffered delirium tremens; that the trial court may have considered the medical reports of the court appointed physicians which precluded defendant from presenting the true facts of his defense; that he pleaded guilty by mistake because of his misapprehension of the legal effect of withdrawing the plea of not guilty by reason of insanity; that the legal proceedings resolved into extrinsic fraud, and that insanity was the paramount issue of his defense.

"In his brief on appeal defendant contends that he clearly stated to his counsel that he desired to be tried by a jury on the issue of insanity and instructed his counsel to present this defense under his plea of not guilty by reason of insanity.

"The record does not support defendant's contention. It shows the following:

" 'THE COURT: You are withdrawing your plea of not guilty by reason of insanity after having talked with the doctors and you believe that you were sane at the time that the offense was committed, is that true?

" 'THE DEFENDANT: Yes.

" 'THE COURT: You are doing this freely and voluntarily, are you?

" 'THE DEFENDANT: Yes.

" 'THE COURT: Nobody has forced you or persuaded you to do this against your will or without your consent, have they?

" 'THE DEFENDANT: No.

" 'The Court: Has anybody given you any promise of reward or any hope of immunity or leniency?

" 'The Defendant: No.

" 'The Court: Permission will be granted to withdraw the plea.'

█ "Furthermore, lack of effective aid of counsel cannot be determined in coram nobis proceedings.

"*People* v. *Smith,* 109 Cal.App.2d 76 [239 P.2d 903].

"Defendant states that the true facts are that he was a chronic alcoholic and had a psychopathic personality and that these facts were not presented to the court through no lack of diligence on his part.

"As we have hereinabove pointed out, defendant withdrew his plea of not guilty by reason of insanity after he had talked with the doctors and believed that he was sane at the time of the commission of the offense to which he pleaded guilty. █ The mere fact that his attorney advised and persuaded him to withdraw his plea of not guilty by reason of insanity does not constitute a sufficient basis for issuing a writ of error coram nobis.

"See: *People* v. *Ynostroza,* 105 Cal.App.2d 332, 333 [232 P.2d 913].

█ "Defendant states that he pleaded guilty by mistake due to his misapprehension of the legal effect of withdrawing his plea of not guilty by reason of insanity and therefore the legal proceedings against him resolved into extrinsic fraud.

"During the entire proceedings in court defendant was represented by his own private counsel; and even so, the court was solicitous of defendant's understanding of the legal effect of withdrawing his several pleas to the charges set forth in the information. It was only after defendant stated to the court that it was his desire to withdraw his plea of not guilty by reason of insanity to each count and enter a plea of guilty to count one, that he believed that he was sane at the time he committed this offense, that nobody had persuaded or forced him against his will or had made any promise of reward or hope of immunity or leniency to change his plea, that the court granted permission to defendant to withdraw his plea. This is not a case which involves extrinsic fraud.

"In *People* v. *Devora,* 105 Cal.App.2d 457, 463 [233 P.2d 653], it is stated:

" 'Appellant made no complaint at the time he was sentenced; he made no motion for a new trial and no appeal

was taken. In addition, when he entered his pleas of guilty, he admitted that he had not been promised any reward or immunity. The record is free from error. The order denying the motion to set aside the judgment is supported by the evidence. The order is affirmed.'

▮ ''In view of the record herein which shows that defendant was fully informed by the court and therefore aware of the legal effects of withdrawing his plea of not guilty by reason of insanity and pleading guilty to count one of the information, his petition for a writ of error coram nobis was properly denied.''

The foregoing is a fair and adequate presentation of the case on appeal. It fully answers the sole question whether there was substantial evidence in the hearing in the trial court to support the finding, implicit in the order appealed from, that appellant, at the time he withdrew his plea of not guilty and his plea of not guilty by reason of insanity, and entered a plea of guilty to one count, acted voluntarily and understandingly.

We have reviewed the record and are satisfied that the trial court's finding has ample support in the evidence. In addition to the portions of the record quoted by the attorney general we find other passages in the reporter's transcript which ·further dispute appellant's contention that he did not understand the import of what he was doing when he withdrew his plea of not guilty by reason of insanity. Immediately prior to the withdrawal of the plea the court stated: ''This is on the issue of insanity.'' Whereupon defendant's attorney, Gladys T. Root, stated: ''If your Honor please, the defendant now, on advice of counsel, is willing to withdraw his plea of not guilty and withdraw the plea of not guilty by reason of insanity, the District Attorney being disposed now to allow us to enter a plea of guilty to the one count, if we withdraw the insanity plea.'' Thereupon the defendant pleaded guilty to the prior convictions. The court then asked: ''Mr. Costello, you understand that heretofore you have withdrawn the plea of not guilty to each count of the information and that you are standing at the present moment on the plea of insanity. It is your desire, is it, to withdraw that plea of not guilty by reason of insanity to each count, and enter a plea of guilty to Count 1, is that right?'' to which the defendant answered: ''Yes.'' Then followed the further colloquy quoted in the respondent's brief. We do not see

what more the court could have done to make it clear to the appellant that he was abandoning his claim of insanity.

The determination of this factual question in the light of the record is conclusive upon the appeal. We may add, however, that while appellant is unskilled in the law it is evident from the briefs he has written on the appeal that he is possessed of a high degree of intelligence and understanding.

The purported appeal from the judgment is dismissed.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.