[Crim. No. 778.   Fourth Dist.   Dec. 12, 1952.]

THE PEOPLE, Respondent, v. JOHN O'CONNOR,
Appellant.

John O'Connor, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

GRIFFIN, J.—On October 3, 1949, defendant John O'Connor, alias John Nelson, was charged with forging a check on September 4, 1947, in Imperial County, and entered a plea of guilty. When arraigned, the public defender was appointed to represent him. After a hearing on a presentence report of the probation officer, defendant, on October 4, 1949, was committed to the state's prison. No motion for new trial was made and no appeal was taken from the judgment. On March 3, 1952, more than two years later, defendant, in propria persona, filed a petition for writ of error *coram nobis* in the Superior Court of Imperial County. The court appointed an attorney to represent defendant, granted an order

allowing him to file any paper as a pauper, without cost, denied a motion for defendant's personal appearance, and ordered that the matter be submitted on affidavits. Several continuances were granted defendent to secure affidavits. A hearing was had, the court ordered the matter submitted, and relieved defendant's counsel from further service. Subsequently, the petition for the writ was denied. Defendant, in propria persona, filed a notice of appeal from that order.

A general statement of defendant's contentions on appeal is as follows: That if he had been accorded his constitutional right he would not have pleaded guilty, and if he had had a fair trial by jury, with an opportunity to present evidence and speak in his own behalf, he would have been acquitted. He alleges that the judgment and sentence were illegal in the following respects: (1) that he was a kidnaped person and the court lacked jurisdiction to proceed; (2) that he was denied the services of competent counsel at arraignment; (3) that the public defender handled his cause improperly; (4) that his cause was prejudiced by misconduct of the sheriff; (5) that he was prejudiced by misconduct of the deputy district attorney; and (6) that the court erred in proceeding to judgment and sentence knowing the defendant entered a plea of guilty through duress, illness, hunger, exhaustion, denial of medical treatment and care, and physical and mental torture resulting therefrom.

The first contention has to do with charges to the effect that defendant was illegally extradited from Arizona after serving a term in prison in that state; that the commutation of sentence in Arizona, proclamation of parole, and warrant of extradition were signed through fraud, duress and collusion, to prevent defendant from filing charges against certain Arizona officials.

Defendant offered in evidence certain exhibits consisting of the proclamation of the governor of Arizona commuting his sentence, a proclamation of parole, and certain communications pertaining to the whereabouts of a judge of the United States District Court of that district on September 22d and 23d, 1949, the materiality of which is not fully disclosed.

The affidavit of the deputy district attorney states that the record of defendant's case shows that he was brought to California from Arizona by a process of extradition which papers were approved by the governor of California and the attorney general of Arizona, as acting governor of that state; that the

proceeding, as designated under the Uniform Act of Extradition, was complied with in returning the defendant from Arizona to California. Under the facts related, the trial court had jurisdiction to enter the plea of the defendant in Imperial County in the forgery case here involved. (*People* v. *Youders,* 96 Cal.App.2d 562, 568 [215 P.2d 743].)

As to the second claim, the record shows that counsel was appointed and represented the defendant at the arraignment notwithstanding defendant's allegation to the contrary. The complaint of incompetency of counsel may not be raised for the first time in a *coram nobis* proceeding. (*People* v. *Youders, supra*; *People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117].)

As to the third claim, there is no showing that the case was improperly handled. Apparently the defendant made a full statement of his guilt to the district attorney before his arraignment and made a similar statement to the probation officer after his plea of guilty. Counsel for defendant was justified in relying upon defendant's insistence that he plead guilty even though, as defendant contends, his physical condition was such that he was unable to eat the jail food. He now assigns this fact as the reason for his urgent plea of guilty so he could be committed to the penitentiary where he could obtain hospitalization, and where they understood his diet. His counsel averred that defendant, being a four-time loser, knew that he was not eligible for probation and that defendant was not induced to plead guilty through any misrepresentation of his. All the facts above indicated, even if true, must have been known to defendant at the time he entered his plea of guilty. Any claimed conflict in the affidavits in this respect was properly resolved against defendant. (*People* v. *Ynostroza,* 105 Cal.App.2d 332, 334 [232 P.2d 913] ; *People* v. *James, supra*; *People* v. *Boyce,* 99 Cal.App.2d 439, 443 [221 P.2d 1011] ; *People* v. *Costello,* 113 Cal.App.2d 481 [248 P.2d 27].) Remedy by writ of error *coram nobis* at this late date, on these claimed grounds, is not available. (*People* v. *Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13].)

The fourth claim is equally untenable under the authorities last above mentioned. Defendant claims that the sheriff deprived him of proper diet, rest, and medical care, while he was confined in the county jail, in order that defendant should enter a plea of guilty, and to protect the sheriff against kidnaping charges, as indicated in claim No. 1.

He offered in evidence several statements of certain individuals and of persons confined with him in the jail to the effect that he did lose weight and that he did complain about the food; that he requested a particular diet and medical attention; and such request was denied.

The sheriff's affidavit indicates the food that was served was substantial and was "a well balanced diet"; that defendant was constantly complaining not only about the food but about many other conditions; that it did not appear to him that defendant's physical condition required treatment in the hospital or the need of any special diet.

The fifth claim is similar and is directed against the deputy district attorney. The ruling above made is equally applicable to this complaint. He replies that he had no control over the food and diet of the county jail's inmates; that defendant admitted the commission of the crime to him and also did so in open court at the time he was sentenced; that although defendant did make a statement in open court that he was extradited from Arizona by fraud and that he was seeking and had asked for a doctor and a special diet, he never indicated that he was not guilty of the charge nor that his plea of guilty was entered as a result of his claimed treatment. The court had jurisdiction to pronounce sentence. No new trial was sought and no appeal from the judgment was taken. In this respect relief by writ of error *coram nobis* is unavailable. (*People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635]; *People* v. *James, supra.*)

There is no merit to the claim that the motion of defendant for personal appearance at the hearing was improperly denied. Under the circumstances related the question of whether or not defendant should have been allowed to be present in court at the time of the hearing was a matter within the sound discretion of the trial court. (*People* v. *Bailey,* 105 Cal.App.2d 150, 153 [232 P.2d 518]; *People* v. *Kerr,* 113 Cal.App.2d 90, 92 [247 P.2d 927].)

Defendant has not accounted for the delay of nearly 29 months from the time judgment was entered before filing his motion to vacate the judgment in the form of a petition for writ of error *coram nobis.* A showing of due diligence in seeking the writ is a prerequisite to the availability of relief on such a motion. (*People* v. *Bailey, supra,* p. 154.)

The court was justified in denying the writ and the request made for an order for his personal appearance for this

reason alone. (*People* v. *Krout, supra*; *People* v. *Bailey, supra*; *People* v. *Watkins,* 92 Cal.App.2d 375, 376 [206 P.2d 1118] ; *People* v. *Savin,* 37 Cal.App.2d 105, 108 [98 P.2d 773].)

Order denying writ of error *coram nobis* is affirmed.

Barnard, P. J., and Mussell, J., concurred.