[Crim. No. 4898.   Second Dist., Div. Two.   Jan. 28, 1953.]

THE PEOPLE, Respondent, v. LLOYD S. McCOY,
Appellant.

Lloyd S. McCoy, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Assistant Attorney General, for Respondent.

FOX, J.—Defendant appeals from an order denying his motion to vacate the judgment committing him to the Mendocino State Hospital.

Defendant was charged in May, 1950, with assault with a deadly weapon. He was represented by the public defender and pleaded not guilty and not guilty by reason of insanity. Two psychiatrists were appointed by the court to examine the defendant and report as to his mental condition. The case was submitted on the transcript of the testimony taken at the preliminary hearing, supplemented by two letters offered by defendant. The doctors filed a written report as to defendant's mental condition, each stating that in his

opinion defendant was insane at the time he committed the alleged assault. The court found defendant guilty, but that he was insane at the time of the commission of the offense, and needed medical care. The court issued a commitment ordering the sheriff to deliver defendant into the custody of the superintendent of the Mendocino State Hospital.

In July, 1952, defendant filed in the superior court of Los Angeles County a motion to vacate the judgment and commitment upon the grounds: (1) that only a single trial was had on his plea of not guilty and not guilty by reason of insanity; (2) that defendant, on the advice of his attorney, testified against himself at his trial, and consequently was adjudged insane; (3) that the reports of the doctors were unverified and therefore did not constitute legal evidence upon which to judge defendant's sanity; and (4) that no doctor or witness testified under oath at the trial. It is from the denial of this motion that defendant appeals.

A motion to vacate a judgment is an application for relief in the nature of a writ of error *coram nobis*, which is a "remedy of narrow scope." (*People* v. *Kerr*, 113 Cal.App.2d 90, 93 [247 P.2d 927].) The writ "is not intended to authorize any court to revise and review its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court." (*People* v. *Gilbert*, 25 Cal.2d 422, 442 [154 P.2d 657].)

There is no merit in defendant's contention that the judgment should be set aside because only a single trial was had on his plea of not guilty and not guilty by reason of insanity. In a case tried by the court without a jury, which was the fact in the instant case, the right to have guilt and insanity separately tried may be waived. (*People* v. *Dessauer*, 38 Cal.2d 547, 554 [241 P.2d 238].) The effect of the stipulations was to waive separate trials on these issues.

The fact that defendant testified on advice of his counsel and was adjudged insane at the time of committing the alleged assault, and that his testimony may have been influential in the court's determination that he was insane, furnish no grounds for setting aside the judgment. Lack of effective advice and assistance of counsel cannot be determined in *coram nobis* proceedings. (*People* v. *Ynostroza*, 105 Cal.App.2d 332, 333 [232 P.2d 913]; *People* v. *Herod*, 112 Cal.App.2d 764, 766 [247 P.2d 127].)

568

There is no merit in defendant's complaints that the reports of the doctors were not verified and that they did not testify under oath at the trial. The matter was submitted to the court by stipulation upon the "transcript, documents, and reports of the doctors heretofore appointed by the court." This constituted a waiver of any possible right to have the reports of the doctors verified or to have them present in court and examined under oath. (*People* v. *Dessauer, supra,* p. 552.)

Furthermore, it is apparent that defendant was not prejudiced by the lack of sworn testimony on the issue of insanity. Each doctor, in his report, stated that the defendant was insane at the time of the commission of the alleged assault, which substantiated defendant's plea of not guilty by reason of insanity.

Defendant also complains that he was not present when his motion was heard. There is no constitutional or statutory right of an accused to be present at such a proceeding. (*People* v. *Kerr, supra; People* v. *O'Connor,* 114 Cal. App.2d 723, 727 [251 P.2d 64].) We find no basis for defendant's assertion that the trial and the hearing on his motion were not conducted in a fair and impartial manner.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied February 6, 1953, and appellant's petition for a hearing by the Supreme Court was denied February 26, 1953.