[Crim. No. 875. Fourth Dist. Aug. 18, 1953.]

THE PEOPLE, Respondent, v. IRA LEE HARDISON, Appellant.

Ira Lee Hardison, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant appeals from an order denying his petition for a writ of error *coram nobis* and his motion to vacate and set aside a judgment entered upon his conviction, after jury trial, of the crimes of assault with a deadly weapon and violation of section 207 of the Penal Code (kidnapping). Defendant was charged with and admitted having suffered three prior felony convictions. The judgment was rendered on January 5, 1949, and defendant was sentenced to imprisonment in the state prison. The record does not indicate that a motion for a new trial was made or that an appeal was taken from the judgment.

Appellant first claims that his conviction was obtained by fraud and trickery. ▮ However, there are no acts of such claimed fraud or trickery set forth in his petition, and, as stated in *People* v. *Adamson,* 34 Cal.2d 320-327 [210 P.2d 13] :

"The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' "

Appellant contends that he was not afforded effective aid of counsel. ▮ Lack of effective aid of counsel cannot be determined in *coram nobis* proceedings. (*People* v. *Costello,* 113 Cal.App.2d 481, 484 [248 P.2d 27].) As noted, defendant failed to appeal from the judgment or to move for a new trial.

These remedies were available to him and the facts, if they were facts, upon which he relies to establish his contention that he lacked effective aid of counsel were known to him at the trial.

■   The contention that defendant's witnesses were not all called was also a matter which could properly have been considered on a motion for a new trial or on an appeal and cannot be made a sustainable ground for an application for a writ of error *coram nobis* or a motion to vacate the judgment. (*People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635].)

■   Likewise, under the facts as presented by the record, the defendant cannot in these proceedings obtain a determination of the question of whether he was legally committed or was not informed of his right to counsel at the preliminary hearing. (*People* v. *Harding,* 116 Cal.App.2d 65, 66 [252 P.2d 1007].)

The application for the writ before us does not set forth specific facts sufficient to establish grounds for the issuance of the writ and the defendant has not produced convincing proof of facts which constitute a legal ground for setting aside the judgment. (*People* v. *Shorts,* 32 Cal.2d 502, 507-508 [197 P.2d 330].)

■   The record shows that the defendant failed to exercise due diligence in applying for the writ sought and no explanation is offered for the delay in excess of three years. Under such circumstances a denial of the petition for the writ was authorized. (*People* v. *Dunlop,* 102 Cal.App. 2d 314, 318 [227 P.2d 281] ; *People* v. *Krout, supra,* 209.)

The order denying the petition for writ of error *coram nobis* and the motion to vacate the judgment is affirmed.

Barnard, P. J., concurred.