[Crim. No. 39221. Second Dist., Div. Five. Mar. 8, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ALGIE T. ROBERTSON, Defendant and Appellant.

## COUNSEL

David E. Brockway and Root & Brockway for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—This is an appeal from conviction and sentence of defendant on a murder first degree charge. Defendant had pled not guilty and not guilty by reason of insanity. Trial was by court after a first trial, by jury, resulting in conviction with finding of sanity had

been reversed. The court trial resulted in a conviction and finding of sanity.

■ It is unnecessary to set forth a statement of facts because the only issues relate to the exclusion of offered physician's psychiatric reports.

The reports are claimed to be "prior testimony" of an unavailable witness under Evidence Code section 1291, subdivision (a)(2).[1] The reports were admitted by way of a stipulation during the first trial upon a motion under Penal Code section 1368. ■ There is no question but that otherwise inadmissible evidence may become admissible when the parties stipulate thereto. Such stipulation is a waiver of the right to cross-examine the person whose statements are stipulated to as his testimony. (*People* v. *McCoy* (1953) 115 Cal.App.2d 565, 568 [252 P.2d 371].)

■ But as has been previously noted, the stipulation that the record could be considered as the doctor's testimony was limited "for the purpose of the 1368 motion."[2] It was not a waiver of cross-examination in a sanity trial or the guilt trial itself.

---

[1]The doctor died prior to being called as a witness in the second trial. Evidence Code section 1291, subdivision (a)(2) provides as follows: "(a) Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and:

". . . . . . . . . . . . . . .

"(2) The party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing."

[2]Penal Code section 1368 provides as follows: "(a) If during the pendency of an action and prior to judgment, a doubt arises in the mind of the judge as to the mental competence of the defendant, he shall state that doubt in the record and inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent. If the defendant is not represented by counsel, the court shall appoint counsel. At the request of the defendant or his counsel or upon its own motion, the court shall recess the proceedings for as long as may be reasonably necessary to permit counsel to confer with the defendant and to form an opinion as to the mental competence of the defendant at that point in time.

"(b) If counsel informs the court that he believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369. If counsel informs the court that he believes the defendant is mentally competent, the court may nevertheless order a hearing. Any hearing shall be held in the superior court.

"(c) Except as provided in Section 1368.1, when an order for a hearing into the present mental competence of the defendant has been issued, all proceedings in the

Under the particular circumstances of this case, and without determining admissibility of such a record where there is unlimited stipulation, we hold that the contents of the record were not admissible as prior testimony of a nonavailable witness within the meaning of Evidence Code section 1291, subdivision (a)(2).

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 12, 1982. Kaus, J., did not participate therein.

---

criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined.

"If a jury has been impaneled and sworn to try the defendant, the jury shall be discharged only if it appears to the court that undue hardship to the jurors would result if the jury is retained on call.

"If the defendant is declared mentally incompetent, the jury shall be discharged."