Filed 12/17/21  P. v. Park CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TONG PARK,<br><br>    Defendant and Appellant. | A162603<br><br>(San Mateo County Super. Ct. No. SC034313A) |

Tong Park appeals from a judgment after the trial court's denial of his petition for a writ of error *coram nobis*.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which raises no issues and requests that we conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Park was informed of his right to file a supplemental brief and filed a 119-page supplemental brief raising 25 issues on appeal.[1]  We have reviewed Park's supplemental brief and conclude his arguments lack merit.  In our discretion, we have also reviewed the record and find no error.  We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

---

[1]    We grant Park's application for leave to file his oversized supplemental brief.  The 39,853 word supplemental brief shall be filed as of the date of this opinion.

1

The record in this appeal, which consists solely of a 222-page clerk's transcript, is sparse, especially given that Park's brief discusses multiple proceedings that stretch back to 1993. The following background section is based on the limited record provided and what we reasonably infer from it.

In or around 1993, Sarah Swift filed *Swift v. Park*, San Mateo Superior Court Case No. 384037, in which she petitioned the court for an injunction against Park prohibiting him from harassing her. The matter was heard in July 1993 with both parties represented by counsel. Park testified at the proceeding; according to Park, the trial judge "was skeptical of [his] veracity]." The trial court granted the injunction. The order was entered in Swift's favor on July 23, 1993. Among its provisions, the order directed Park to not harass Swift and to not attempt to obtain information concerning Swift's employment records, credit records, or private activities.

In August 1993, Park appealed the decision to this court in Case No. A062713. Park stated the basis of his appeal was in part to seek "reversal of order appealed from to determine prejudice and unlawfully obtained order based on perjury." According to Park, the trial court judge who presided over Swift's petition initiated an investigation of Park for perjury.

On January 21, 1994, while his civil appeal (Case No. A062713) was pending, Randall Curtis, an Inspector of the San Mateo County District Attorney, wrote a letter to Park with the subject matter "Your allegation of perjury against Sara Swift." Curtis stated that he read the transcript of the hearing on the injunction as well as Park's petition to the appellate court. Curtis requested an interview with Park. Later, Curtis applied for a warrant to search Park and his home. On February 15, 1994, a San Mateo Municipal court judge approved the warrant. The search appears to have been executed the following day. On October 3, 1994, in *People v. Park*, San Mateo County

2

Superior Court Case No. SC034313A, Park was charged by information with seven counts of perjury related to his testimony in the July 2013 civil proceeding.

A few months later, Park's appeal in the civil proceeding concluded. This court affirmed the order and judgment on January 12, 1995, and the Supreme Court denied the petition of review. The remittitur was issued on April 18, 1995.

Meanwhile, the criminal case against Park proceeded to a bench trial in which Park represented himself in propria persona. On October 17, 1995, the trial court found Park not guilty on the count 1 perjury charge, and guilty on the counts 2 through 7 perjury charges, according to the court's minutes. Park's sentencing hearing occurred on March 29, 1996. At the hearing, Park withdrew his *Faretta* motion for sentencing purposes and defense counsel was appointed. The court sentenced Park to state prison for the upper term of four years on count 2 and stayed sentences on the remaining counts. In April 1996, Park appealed the judgment to this court in Case No. A074059. Several months later, however, he abandoned his appeal, which this court dismissed in January 1997.

In March 2, 1998, in *Park v. Attorney General*, U.S. District Court Northern District of California, Case No. C-98-20184-RMW, Park, while on parole, filed in propria persona a petition for writ of habeas corpus in federal district court. In a written order, the district court rejected and dismissed five of the seven grounds Park asserted for habeas relief. It found two of his contentions—that his *Miranda* rights were violated and his attorneys ineffective—cognizable claims. As to these claims, the court directed the Attorney General to file an answer showing cause why a writ of habeas corpus should not be issued. Based on the federal docket for Park's habeas

petition, the California Attorney General filed an answer in response to the order to show cause. Months of litigation over the Attorney General's answer followed. In August 2000, the district court dismissed without prejudice Park's habeas petition for lack of subject matter jurisdiction. In August 2002, almost two years following dismissal, Park moved to reopen the original habeas corpus action. In March 2004, the court denied the motions, which according to the federal court docket were also "administratively terminated." In September 2004, Park again asked the court to reassess its position and amend its 2000 order dismissing his habeas petition. In February 2005, the court denied the motion.

In March 2020—approximately 15 years after the last order in the federal habeas proceeding—Park filed *Park v. Superior Court for the County of San Mateo*, Case No. A159808, in this court, in which he petitioned to vacate the October 1994 information and 1996 judgment of conviction in his criminal case. We summarily denied the petition.[2]

In December 2020, Park filed a petition for writ of error *coram nobis* in San Mateo County Superior Court. In his petition, Park asserted among several arguments that the trial court presiding over his criminal proceeding lacked subject matter jurisdiction and that the judgment against him was void. He asked the court for a "new final order and judgment to dismiss the case and declare such aforesaid order and judgment void on their faces (SC034313A), as well as purge the entered criminal record from all existing local, county, state, and national record centers and databases." The trial court denied the petition. This appeal followed.

---

[2]    On our own motion, we take judicial notice of the contents of these documents as records of our court. (Evid. Code, § 452, subd. (d).)

4

## DISCUSSION

*Wende* holds that, on appeal from a conviction, a court of appeal must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende*, *supra*, 25 Cal.3d at p. 441.) Our Supreme Court has clarified that this rule applies "[i]n an indigent criminal defendant's first appeal as a matter of right." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535.) It does not apply to an appeal, like this one, from an order in a postconviction proceeding. (*People v. Flores* (2020) 54 Cal.App.5th 266, 271; *People v. Serrano* (2012) 211 Cal.App.4th 496, 501–502.) Nonetheless, courts of appeal may exercise discretion to review the record independently in such appeals, in the manner required by *Wende* in a direct appeal from a conviction. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1030, review granted Oct. 14, 2020, S264278 [surveying decisions addressing "what procedures appointed counsel and the Court of Appeal should follow when counsel finds no arguable merit to an appeal from the denial of postconviction relief"].) Where the defendant files a supplemental brief, "the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits (that is, by affirming, reversing or other like disposition)." (*Id.* at p. 1040.)

In his supplemental brief, Park asserts the trial court erred in denying his petition for writ of *coram nobis* and raises another 24 issues for our consideration on appeal.[3] We have considered Park's arguments and conclude the trial court did not err in denying him *coram nobis* relief.

---

[3] We will not enumerate all the issues Park raises, as we need not decide all of them to resolve this appeal. As a general matter, Park challenges the trial court's subject matter jurisdiction and its personal jurisdiction over him

5

A petition for writ of error *coram nobis* "is an attack upon a judgment which has become final and in favor of which there are strong presumptions of regularity." (*People v. Adamson* (1949) 34 Cal.2d 320, 329–330.) The petition is a limited remedy and the moving party bears a heavy burden to show that he should obtain relief. (*People v. Kim* (2009) 45 Cal.4th 1078, 1091 (*Kim*).)

"The grounds on which a litigant may obtain relief [through] *coram nobis* are narrower than on habeas corpus [citation]; the writ's purpose 'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court.'" (*Kim*, *supra*, 45 Cal.4th at p. 1091; *People v. Ibanez* (1999) 76 Cal.App.4th 537, 544 (*Ibanez*) ["A writ of *coram nobis* is generally used to bring factual errors or omissions to the court's attention."].)

"The writ of error *coram nobis* is granted only when three requirements are met . . . : (1) The petitioner must show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment. (2) The petitioner must also show that the newly discovered evidence does not go to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial. This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. (3) The petitioner must

---

in the criminal case that resulted in his 1996 conviction. He also asserts several constitutional violations in that proceeding.

show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his petition for the writ." (*People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1146–1147 (*Mbaabu*).)

"[F]acts that have justified issuance of the writ in the past have included a litigant's insanity or minority, that the litigant had never been properly served, and that a defendant's plea was procured through extrinsic fraud or mob violence." (*Kim*, *supra*, 45 Cal.4th at p. 1102.)

"Because the writ of error *coram nobis* applies where a fact unknown to the parties and the court existed at the time of judgment that, if known, would have prevented rendition of the judgment, the remedy does not lie to enable the court to correct errors of law." (*Mbaabu*, *supra*, 213 Cal.App.4th at p. 1147.) In addition, the writ of error *coram nobis* "is unavailable when a litigant has some other remedy at law," such as by appeal or a motion for a new trial, " 'and failed to avail himself of such remedies.' " (*Kim*, *supra*, 45 Cal.4th at pp. 1093–1094.)

Relief through a writ of error *coram nobis* is extraordinary relief. (*In re Reno* (2012) 55 Cal.4th 428, 453.) " 'A petition for writ of error *coram nobis* places the burden of proof to overcome the strong presumption in favor of the validity of the judgment on the petitioner. This burden requires the production of strong and convincing evidence.' " (*Ibanez*, *supra*, 76 Cal.App.4th at pp. 548–549.) The granting of a writ of error *coram nobis* is completely discretionary. (*People v. Evans* (1960) 185 Cal.App.2d 331, 333.) A writ of error *coram nobis* is reviewed under the abuse of discretion standard. (*Ibanez*, *supra*, 76 Cal.App.4th at p. 537.)

With the above standards in mind, we turn to the claims raised in Park's supplemental brief. The alleged previously unknown fact Park

7

identifies as the basis for his petition is that his civil appeal was still pending during the criminal proceeding against him. He contends this fact, if known, would have prevented the court from entering the judgment of conviction because "a judgment (record/judgment roll) from a State civil action cannot be used as evidence for the purpose of proving facts therein found or recited, unless the judgment in question is final, and no longer pending in any court." Since his civil action was not yet final at the of his criminal proceeding, he asserts the trial court lacked both subject matter jurisdiction and personal jurisdiction over him.

Even if we assume without deciding that Park's proffered fact was one which would have prevented rendition of the judgment for the reasons Park states, he cannot satisfy the diligence requirement for *coram nobis* relief. As noted above, Park must show this fact was not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his petition for the writ. (*Mbaabu*, *supra*, 213 Cal.App.4th at p. 1147; *People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1619 ["[A] defendant who seeks to set aside the judgment on a petition for a writ of error *coram nobis* must allege the time and circumstances under which the new facts were discovered in order to demonstrate that he has proceeded with due diligence."].) He cannot make this showing. Park, appearing in propria persona, filed his notice of appeal of the injunction order in August 1993. The information in the criminal proceeding against him was filed in October 1994. This court affirmed the injunction in the civil proceeding in January 1995. At the time the information issued in the criminal case, Park would have or should have been aware that his appeal was still pending in the civil case, especially given he was representing himself pro se in the appeal. Further, such information about the status of

8

his civil appeal was readily available to Park throughout his criminal proceeding up to the time of judgment. Thus, Park cannot show that his proffered fact was only discoverable by him no earlier than December 2020, when he filed his writ petition with the superior court. He cannot show that he could not have ascertained this fact in the ensuing 25-plus years since the information in his criminal case was filed against him. Accordingly, Park cannot meet the standards for *coram nobis* relief.

Park also contends he is exempt from the previously-unknown-fact requirement for *coram nobis* relief because his judgment of conviction was void on its face. He cites no controlling authority for this point.

Further, in *People v. O'Neal* (1962) 204 Cal.App.2d 707, the court rejected a similar argument that a defendant could vacate his conviction because the underlying judgment against him was void. (*Id.* at pp. 709–710.) The court explained: "Any errors or uncertainties which could have been reached on a motion for new trial or on appeal after judgment cannot subsequently be grounds for a motion to set aside the judgment. [Citation.] Furthermore, treating appellants' motion as a petition for a writ of error *coram nobis* [citations], it is axiomatic that this writ cannot be used to serve the purpose of an appeal or other statutory remedy [citations], unless there has been extrinsic fraud that deprived the petition of a trial on the merits." (*Id.* at p. 709.) The defendants in *O'Neal* made no showing of extrinsic fraud or that they were deprived of any rights, and the court affirmed the trial court's order denying the motion to set aside the judgment of conviction. (*Ibid.*)

Likewise, Park has not made any adequate showing of fraud. " 'At the outset it should be borne in mind that in *coram nobis* proceedings there is a strong presumption that the judgment of conviction is correct . . . . "(T)he

9

petitioner is deemed to be prima facie guilty." Defendant, therefore, has the burden of overcoming the presumption in favor of the validity of the judgment by establishing through a preponderance of strong and convincing evidence [citations] that he was deprived of substantial legal rights by extrinsic causes [citations]. In this connection, the lower court is not required to accept at face value the allegations of the motion or petition even though it be verified and uncontradicted.'" (*People v. Fowler* (1959) 175 Cal.App.2d 808, 811, disapproved on another ground in *People v. Shipman* (1965) 62 Cal.2d 226, 231.)

We have reviewed Park's assertions of fraud, and he has made no satisfactory showing of any extrinsic fraud that deprived him of a fair trial. In light of the scant record, his assertions of fraud amount to only general accusations. His showing is insufficient to constitute the "strong and convincing" evidentiary support required of him to overcome the strong presumption in favor of the validity of the judgment. The trial court correctly stated Park failed to show extrinsic fraud.

In *Kim*, *supra*, 45 Cal.4th 1078, our Supreme Court stated: "[T]he writ of error *coram nobis* is unavailable when a litigant has some other remedy at law. 'A writ of [error] *coram nobis* is not available where the defendant had a remedy by (a) appeal or (b) motion for a new trial and failed to avail himself of such remedies.' [Citations.] 'The writ of error *coram nobis* is not a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum*. In the vast majority of cases a trial followed by a motion for a new trial and an appeal affords adequate protection to those accused of crime. The writ of error *coram nobis* serves a limited and useful purpose. It will be used to correct errors of fact which could not be corrected in any other manner. But it is well-settled law in this and in other states

that where other and adequate remedies exist the writ is not available." (*Id.* at p. 1094; see also *People v. Fritz* (1956) 140 Cal.App.2d 618, 621 ["It is well settled that where the remedy of the motion for a new trial or appeal exists the writ is not available. And the writ cannot be used to serve the purpose of an appeal when this remedy was lost through failure to invoke it in time even though such failure occurred without fault or neglect on the part of the one seeking the remedy."].)

The many issues Park raises with respect to jurisdictional and constitutional violations could have been raised in a motion for new trial or on direct appeal. The record provided does not indicate Park ever moved for a new trial after his conviction. As to a direct appeal, Park dismissed his appeal of his criminal convictions and cannot now—25 years after his conviction—use a petition for *coram nobis* after he abandoned his appeal to relitigate the propriety of his convictions. (See *People v. Kerr* (1952) 113 Cal.App.2d 90, 94 [rejecting defendant's effort 5 ½ years after judgment to "substitute the writ of error *coram nobis* or a motion to vacate the judgment" for the available remedy of direct appeal provided by statute].)

Accordingly, in light of Park's failure to exercise his right of appeal, we need not address Park's remaining arguments, none of which assert new facts unknown to the trial court at the time it rendered judgment that support issuance of a writ of error *coram nobis*. We also decline to exercise any equitable powers to set aside Park's judgment of conviction, as he has provided no grounds for our doing so.

Finally, in our discretion in the interests of justice, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to Park.

## DISPOSITION

11

The order is affirmed.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.