[Crim. No. 416.   Fourth Appellate District.—May 21, 1937.]

THE PEOPLE, Respondent, v. ROBERT L. LYLE, etc., Appellant.

Samuel L. Lyle, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The appellant was accused by information filed in the Superior Court of San Diego County on February 14, 1934, of having committed the crime of bur-

glary and also with having suffered three prior convictions of a felony, for each of which he had been sentenced to imprisonment and had served a term therefor in a penal institution. On arraignment appellant, who was represented by counsel, entered a plea of guilty of the offense charged and admitted the prior convictions alleged in the information. Thereafter on March 8, 1934, the court pronounced judgment against him. This judgment, which was entered on the minutes of the court, after reciting that appellant had entered a plea of guilty of the offense charged in the information and had admitted the three prior convictions alleged therein and that the court had determined the degree of burglary to be that of second degree, ordered that appellant be punished by imprisonment in the state prison of the state of California and that he be delivered to the warden of the state prison at Folsom. On April 4, 1936, the board of prison terms and paroles of Folsom prison determined that appellant should be confined in said prison for life as an habitual criminal, reserving to itself the right to redetermine said term of confinement as the circumstances of the case or the prisoner's conduct might in the interest of justice require. On July 13, 1936, which was more than two years after the above-mentioned judgment was pronounced appellant presented to the trial court a motion to vacate and set aside said judgment. The motion was denied and this appeal was thereupon taken from the order of denial.

The basis for the primary contention advanced by appellant on this appeal is the following statement allegedly made by the trial court at the time judgment was pronounced: "The Court will not adjudge you to be an habitual criminal, but the judgment will be that you will be committed to the State Prison at Folsom for the term prescribed by law."

Appellant's first contention is stated by him as follows: "That the court having erroneously informed the defendant as to the true legal effect of said judgment and sentence pronounced against him, the defendant was denied the due process of law, in that relying on such information, he took no appeal from that portion of the judgment and sentence, which as construed by the Supreme Court, subjects him to the provisions of section 644 of the Penal Code as an habitual criminal."

In giving consideration to this contention it may properly be noted that the record herein fails to show that the trial court made the remark attributed to it. There is, however, included in the record a copy of a letter which was addressed to the assistant secretary of the board of prison terms and parole by the trial judge on June 3, 1936, in which the writer referred to the receipt by the clerk of the court of a certified copy of the board's order fixing the term of appellant's confinement at life as an habitual criminal and containing the following declaration: "At the time of pronouncement of judgment I stated to him that I would not declare him an habitual criminal, and the judgment was that he be committed to Folsom State Prison for the term prescribed by law, for the crime of burglary of the second degree." It will therefore be assumed for the purposes of this appeal that at the time the judgment was pronounced the trial court made the statement attributed to it by appellant.

Indulgence in the assumption, however, fails to produce a conviction that the aforementioned contention is sustainable. It is apparently appellant's view that, because the trial court stated it would not declare him an habitual criminal and because in reliance thereon he did not take an appeal from the judgment within the time when such action could legally have been taken, the judgment should have been vacated by the court which rendered it, since it has now developed that its legal effect is different from what the trial court thought it would be. It is obvious that the board of prison terms and paroles correctly determined that the legal effect of the judgment was an adjudication that appellant was an habitual criminal and accordingly punishable by life imprisonment under the provisions of section 644 of the Penal Code. This is true because, although the judgment contains no formal adjudication of habitual criminality, it does nevertheless recite that appellant had admitted the three prior convictions alleged in the information and when the information is examined it appears that it is therein charged that each of such convictions was for a specified felony for which in each case appellant was punished by being confined in a specified penal institution. The omission of a formal adjudication that appellant was an habitual criminal under these circumstances did not vitiate the judgment or impair its effectiveness and the only term of imprisonment permissible under the law was imprisonment for

life without parole. (*People* v. *Vaile,* 2 Cal. (2d) 441 [42 Pac. (2d) 321].)

█ Apparently, although appellant did not so denominate it, his motion that the judgment be vacated and annulled amounted to an application for a writ of *coram nobis.* (*People* v. *Mooney,* 178 Cal. 525, 528 [174 Pac. 325].) The original functions performed by such a writ have been largely superseded by the statutory remedies of the motion for new trial, motion to vacate a judgment, motion in arrest of judgment and appeal from judgment. (*People* v. *Superior Court,* 4 Cal. (2d) 136 [47 Pac. (2d) 724] ; *People* v. *Moore,* 9 Cal. App. (2d) 251 [49 Pac. (2d) 615].) █ Under our statutory forms of procedure the writ of *coram nobis* is available to a defendant in a criminal proceeding only when there has been a denial of a trial upon the merits or, in other words, when there has been no trial at all. (*People* v. *Mooney, supra; People* v. *Reid,* 195 Cal. 249 [232 Pac. 457, 36 A. L. R. 1435] ; *People* v. *Sandoval,* 200 Cal. 730 [254 Pac. 893] ; *People* v. *Paysen,* 123 Cal. App. 396 [11 Pac. (2d) 431].) A frequently cited example of the kind of situation in which the writ may be available is presented in the case of *People* v. *Perez,* 9 Cal. App. 265 [98 Pac. 870], wherein the petitioner for the writ alleged that his plea of guilty to a charge of robbery had been accomplished through duress practiced upon him by the sheriff who represented to him that he was in immediate danger of mob violence which he could escape only by pleading guilty which would result in his immediate transfer to the state prison. In upholding the propriety of the procedure whereby the judgment was attempted to be vacated the appellate court remarked that "A confession of guilt obtained by duress is void and cannot be the basis for a valid judgment." Examination of the decisions in California in which the propriety of the procedure whereby appellant sought to have the judgment pronounced against him vacated indicates that it is only where no trial was had but a plea had been obtained from a defendant through some character of duress or where the trial was affected by some outside force that the remedy of *coram nobis* is available. (*People* v. *Mooney, supra; People* v. *Reid, supra; People* v. *Sandoval, supra; People* v. *Paysen, supra.*)

█ In the instant case there is no claim that the plea entered by appellant was extorted from him by duress of any character or that the proceedings which resulted in his plea

of guilt and his admission of three prior felony convictions were affected by any outside force. So far as appears from the record appellant was properly arraigned, at which time he was represented by counsel and voluntarily entered his plea. His misconception of the legal effect of the judgment pronounced against him did not entitle him to have it vacated through the instrumentality of an application for the common-law writ of *coram nobis* and the trial court correctly determined that it was without jurisdiction to grant the application.

Appellant also questions the right of the prison board to fix his term of confinement in Folsom prison at life imprisonment under the above-narrated circumstances, particularly in view of the fact that no evidence was submitted to the trial court which established the legal character of the various offenses for whose commission he had suffered the prior convictions alleged in the information. The point is devoid of merit. As heretofore noted the information contained a full and complete description of the prior offenses, the courts wherein judgments of conviction were pronounced, the dates of said judgments, and the fact that in each instance as punishment therefore appellant served a term in a designated penal institution. Appellant expressly admitted the three prior convictions of felony which were thus described. Under these circumstances if appellant considered that evidence was required to acquaint the trial court with the nature of the previous crimes which he had committed the duty was imposed upon him then to submit such evidence. This he failed to do and it is now too late to complain for the first time on this appeal that evidence in which he alone was interested and which he should have presented was not submitted. It may further be observed that the mistake of which appellant complains, assuming only for the sake of argument that error was committed in the failure to take evidence respecting the nature of the prior offenses, could not be cured by an application for a writ of *coram nobis*. Such a proceeding constitutes an attack upon the judgment whereby it is sought to have the judgment declared void and vacated. It is obvious, however, that at the time appellant instituted the proceeding which resulted in the entry of the order from which this appeal has been prosecuted there was a valid, subsisting judgment of conviction against appellant and the trial court was without authority to annul it so far

at least as any right so to do is conferred by a proceeding of this character. (*People* v. *Superior Court*, 4 Cal. (2d) 136, 150 [47 Pac. (2d) 724] ; *People* v. *Moore*, 9 Cal. App. (2d) 251, 253 [49 Pac. (2d) 615].)

The order from which this appeal has been taken is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.