[Crim. No. 3526.   Second Dist., Div. Two.   Feb. 9, 1942.]

THE PEOPLE, Respondent, v. JOSEPH HARINCAR, Appellant.

Joseph Harincar, in pro. per., for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—Defendant has appealed from an order of the trial court denying his motion to vacate the judgment of conviction. .

Defendant was charged by information with the crime of forgery. It was also charged that he had suffered three prior convictions in the states of Iowa and Minnesota, and that in the case of each prior conviction he had served a term of imprisonment therefor in the state prison. He pleaded not guilty and denied the prior convictions, but thereafter withdrew this plea and entered a plea of guilty and also admitted the prior convictions. The court found him to be an habitual criminal and sentenced him accordingly. The judgment of conviction was entered October 1, 1936, and no appeal was taken therefrom.

A motion was filed by defendant on September 22, 1941, to vacate the judgment entered in 1936, certified copies of the prior convictions being filed with the motion. Defendant claims that if the prior crimes had been committed in California only one of them would have come within the classification of crimes enumerated in section 644 of the Penal Code. The trial court was therefore asked to "relieve the defendant of that portion of the judgment declaring the defendant to be an habitual criminal."

Although defendant's motion is designated a motion

to vacate the judgment, it is in legal effect under the practice of this state a petition for a writ of error *coram nobis*. In *People* v. *Vernon,* 9 Cal. App. (2d) 138 [49 Pac. (2d) 326], it is held that the writ of error *coram nobis* "is nothing more nor less than a motion to vacate a judgment," and that the remedy provided by the writ could be designated by "the more simple and appropriate name of a motion to vacate the judgment."

The issue now presented by defendant was squarely before the court in *People* v. *Moore,* 9 Cal. App. (2d) 251 [49 Pac. (2d) 615], where the defendant petitioned the court in which he had been convicted for the issuance of a writ of error *coram nobis*. Moore had admitted four prior convictions and was sentenced as an habitual criminal. He appealed and the judgment was affirmed. In his petition for the writ thereafter filed he claimed that three of the four prior convictions with which he had been charged were not felonies in California, and that he was ignorant of the legal effect of these prior convictions at the time he was sentenced in this state. The court held that even if it be conceded that three of the four prior convictions were not felonies in California, nevertheless the writ of error *coram nobis* did not furnish a remedy under the circumstances, and that since defendant had omitted to avail himself of the remedies afforded by statute and the judgment had become final, "there would be no further legal recourse by any form of judicial review." The decision in the Moore case was cited with approval in *People* v. *Lumbley,* 8 Cal. (2d) 752, 760 [68 Pac. (2d) 354].

The facts in the Moore case were more favorable to the party seeking the writ than are the facts shown by the record now before us, for it appears that defendant herein at the time he was sentenced was aware of the true facts as to his prior convictions and as to their legal effect on a conviction in California. His counsel then stated that the prior convictions "were nothing but petty larcenies under our laws at the present time."

An additional reason for affirming the order may be found in the unreasonable delay on the part of defendant in filing his motion. (*People* v. *Lumbley, supra.*)

The order is affirmed.

Moore, P. J., and McComb, J., concurred.