[Crim. No. 850. Fourth Dist. Aug. 18, 1952.]

THE PEOPLE, Respondent, v. EARL GADEN HEROD, Appellant.

Stanton M. Levy for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

MUSSELL, J.—In August, 1945, defendant pleaded guilty to robbery and grand theft as charged in an amended information filed in the Superior Court of Fresno County. He admitted six prior felony convictions set forth in the information and was sentenced to the state's prison as an habitual criminal. On December 28, 1951, defendant filed a petition for a writ of error *coram nobis* in the superior court above named and now appeals from the order denying the writ.

In his "Specifications of Error," which is a part of his petition, defendant alleged that the "judgment-commitment" of the superior court was erroneous because facts were withheld from the court; that he was denied a fair trial "on the merits of his case by extrinsic causes"; that if some existing facts had been brought to the attention of the court by competent counsel, the rendition of the erroneous judgment would have been prevented; that the facts of his case were not legally verified; that the alleged prior convictions were not properly authenticated; that he was denied due process of law by trick and device and extrinsic fraud; and that the proceedings leading up to his conviction were in violation of the Fourteenth Amendment of the Constitution of the United States.

This appeal is based on two contentions: (1) That defendant was deprived of satisfactory legal representation; and (2) that the district attorney failed to carry his burden of proof as to the prior felony convictions.

■ Defendant's contention that he was deprived of satisfactory legal representation is not borne out by the record before us, and even if it were, it is well settled that lack of effective aid of counsel cannot be determined in *coram nobis* proceedings. (*People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117] ; *People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635] ; *In re Sprague,* 37 Cal.2d 110, 115 [230 P.2d 633] ; *People* v. *Watkins,* 92 Cal.App.2d 375, 376 [206 P.2d 1118].)

■ The contention that the district attorney failed to carry his burden of proof as to the prior felony convictions likewise cannot be determined in these proceedings. There is no such burden of proof when, as here, the defendant admitted the convictions in open court. (*People* v. *Stone,* 69 Cal.App.2d 533, 536 [159 P.2d 701] ; *In re Gilliam,* 26 Cal.2d 860, 866 [161 P.2d 793].) ■ When a defendant admits prior convictions there is no requirement that the prosecution produce evidence of the nature of the convictions. (*People* v. *McConnell,* 86 Cal.App.2d 578 [195 P.2d 34] ■ The question whether the prior convictions alleged to have been committed in Texas were felonies in California was determined by defendant's admission in court and is not open to review in these proceedings. (*People* v. *McVicker,* 37 Cal.App.2d 470, 473 [99 P.2d 1110] ; *People* v. *Harincar,* 49 Cal.App.2d 594, 596 [121 P.2d 751].) Moreover, four of the prior convictions alleged in the amended information were for burglary and the other two for grand theft. These are among those mentioned in section 644(b) of the Penal Code upon which one may be adjudicated an habitual criminal.

■ The matters here presented could have been raised by motion for a new trial or appeal from the judgment and since these remedies were not sought by the defendant, a writ of error *coram nobis* will not lie. (*People* v. *Dunlop,* 102 Cal. App.2d 314, 317 [227 P.2d 281].) ■ Furthermore, a showing of diligence is a prerequisite to availability of relief by writ of error *coram nobis.* (*People* v. *Shorts,* 32 Cal.2d 502, 512 [197 P.2d 330] ; *People* v. *Harincar, supra,* 596.) ■ In the instant case the judgment of conviction was entered on August 31, 1945, and the petition herein was filed on December 26, 1951. No reasonable explanation for this unreasonable delay is advanced by the defendant.

The order is affirmed.

Barnard, P. J., concurred.