[Crim. No. 5466. Second Dist., Div. One. Dec. 14, 1956.]

THE PEOPLE, Respondent, v. CARL E. FIGUIEREDO et al., Defendants; WILLIAM R. HAGAN, Appellant.

William R. Hagan, in pro. per., and William Bronston, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment, and from the order denying motion for a new trial.

Defendant was accused by information with two counts of robbery. Four prior felony convictions were also alleged. The four alleged priors were admitted. Following a jury trial defendant was adjudged guilty of both counts. Defendant, through counsel, moved for a new trial which motion was denied. Judgment was duly rendered whereupon defendant filed in propria persona notice of appeal from the order denying the motion for a new trial and from the judgment.

The facts are characteristic of such offenses. As to Count I, John H. Lynch was the head clerk for Safeway Markets in Inglewood. Defendant entered armed with a revolver and took $800 from the safe. As to Count II, Joseph Bonelli operated a business in Huntington Park. At the time alleged Bonelli and an employee by the name of Norwood were held up by Hagan and robbed of $250. To describe in detail these robberies would serve no useful purpose. Hagan was identified by the victims.

It is contended by appellant and recited in appellant's brief, ''The following grounds of appeal are:

'' (1) That the defendant HAGAN was improperly sentenced to two consecutive life imprisonments as an habitual criminal;

'' (2) That prejudicial testimony was permitted by witnesses and by the remarks of the Deputy District Attorney, and statements made by the Deputy District Attorney at the trial, which prejudiced the defendant's rights and were contrary to the law of the case as decided in the case of *People v. Carl E. Figuieredo and William R. Hagan,* 130 Cal.App.2d 498 [279 P.2d 200].''

As to the sufficiency of the evidence to support the judgment there is no question. Also the record reveals that the defendant was not denied a fair trial. However, as recited in respondent's brief, ''The contention that the defendant was improperly sentenced as an habitual criminal presents

a serious question of law in view of the record and respondent will consider this matter last."

■ Quoting from respondent's brief,

"A sentence of life imprisonment, which follows an adjudication that the defendant is an habitual criminal, is a serious one. The People are required to prove all necessary elements of such an adjudication beyond a reasonable doubt. *"People* v. *Morton,* 41 Cal.2d 536, 539 [261 P.2d 523].

"The question now arises as to what disposition should be made of the instant case. It is clear that the judgment, insofar as it sentences the defendant to imprisonment for the robberies of which he was found guilty, should be affirmed.

■ However, in view of the record herein it appears that the trial court erred in adjudging that the defendant is an habitual criminal because of the lack of proof as to service of separate terms of imprisonment. Although it appears that there is little likelihood that proof may be forthcoming that the defendant served separate terms of imprisonment for the priors charged, it would appear that such ·finding should be made (on proper proof) by the trial court. In such a case the matter should be remanded to the trial court for a limited trial solely concerning proof of this essential requirement of Penal Code, section 644. As was stated in *People* v. *Morton, supra* (41 Cal.2d 536, 544-545):

" ' . . . This procedure is the proper one. It carries out the policy of the statutes imposing "more severe punishment, proportionate to their persistence in crime, of those who. have proved immune to lesser punishment." (*In re Mc-Vickers, supra,* 29 Cal.2d 264, 270 [176 P.2d 40]), and prevents defendants from escaping the penalties imposed by those statutes through technical defects in pleadings or proof. It affords the defendant a fair hearing on the charge, and if it cannot be proved he will not have to suffer the more severe punishment.'

"On such a remand, if it is established that the defendant has been at least twice convicted of felonies named in the statute *and has served separate terms in prison therefor,* he may properly be adjudicated an habitual criminal and the provisions of Penal Code Section 669 should be complied· with in sentencing him. In the event that it appears that he has not separately served terms of imprisonment for the prior felonies charged in the information, he should be sentenced as a person who. has not served separate terms in state prison within the meaning of section ·644, Penal Code

(*People* v. *Sukovitzen, supra* (138 Cal.App.2d 159 [291 P.2d 107])) and the court, in the exercise of its discretion, may sentence the defendant to serve consecutive or concurrent terms on the two counts of which he was found guilty.

"*People* v. *Morton, supra* (41 Cal.2d 536, 545).

"Respondent respectfully submits the matter to this Honorable Court on the material and authorities herein contained." (Emphasis included.)

The judgment is affirmed as to the convictions. However, that part of the judgment adjudging defendant an habitual criminal and imposing sentence is reversed, and the cause is remanded to the trial court with directions to resentence defendant after the conclusion of the limited new trial on the issue of the challenged issue and adjudication that he is an habitual criminal.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 11, 1957.