[Crim. No. 5836.   Second Dist., Div. Three.   Nov. 6, 1957.]

THE PEOPLE, Respondent, v. JASPER LEWIS TAYLOR, Appellant.

Jasper Lewis Taylor, in pro. per., and William Bronsten, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Jasper Lewis Taylor was accused by information of assault with a deadly weapon with intent to commit murder. It was also alleged that he had been previously convicted of three felonies and had served separate terms of imprisonment therefor in state prison, to wit: A conviction of burglary in Oklahoma in 1939, a conviction of burglary in Oklahoma in 1941, and a conviction of burglary in California in 1947. Defendant pleaded guilty to assault with a deadly weapon, a lesser but necessarily included offense, and admitted the three prior convictions as alleged in the information. The court sentenced him to state prison for the term prescribed by law and adjudged him to be an habitual criminal under section 644, subdivision (b), of the Penal Code. Taylor appeals from the judgment. He contends that the court erred in finding him to be an habitual offender. We agree.

Under section 644, subdivision (b), of the Penal Code an accused may not be sentenced as an habitual offender merely upon proof that he has previously suffered three felony convictions; the People must prove that he has suffered three convictions for offenses enumerated in section 644, subdivision (b). Burglary is one of the included offenses. (*In re McVickers*, 29 Cal.2d 264, 267 [176 P.2d 40].) If one of the prior convictions was suffered in another state it must appear that the minimum elements of the foreign offense are substantially similar to the minimum elements of one of the crimes listed in the California statute. (*People* v. *Morton*, 41 Cal.2d 536, 539 [261 P.2d 523] ; *In re McVickers, supra*, 29 Cal.2d 264, 267, and cases cited.)

Defendant argues that he was improperly sentenced as an habitual criminal for the reason that there is no proof that the offenses for which he was convicted in the State of Oklahoma were equivalent to any enumerated in section 644, subdivision (b). The point is well taken.

In California, burglary is committed by the entry into certain specified structures "with intent to commit grand or petit larceny or any felony. . . ." (Pen. Code, § 459.) Under the Oklahoma statutes, first degree burglary is defined as the breaking and entering into the dwelling house of another in the nighttime "with intent to commit some crime therein." (21 Okla.St.Ann., tit. 21, § 1431, p. 563.) The requisite intent for second degree burglary is an "intent to commit any crime" (§ 1432, p. 567; § 1433, p. 567; § 1434, p. 568), except that second degree burglary may also be committed by breaking and entering into certain specified structures "with intent to steal therein or to commit any felony." (21 Okla.St.Ann., tit. 21, § 1435, p. 568.) ▆ The information merely alleges that defendant was convicted in Oklahoma of "burglary, a felony" in 1939 and 1941 and that he served prison terms on each conviction. The records of the Oklahoma convictions are not before us. It may well be that defendant was prosecuted under the statutes which permit a conviction of burglary for breaking and entering with intent to commit some misdemeanor other than petit theft, and we must presume on the appeal that he was convicted of the least offense. (*People* v. *Lohr,* 28 Cal.App. 2d 397, 399 [82 P.2d 615]. See, also, *People* v. *Richardson,* 74 Cal.App.2d 528, 540 [169 P.2d 44].)

▆ Since there was no proof that the two prior foreign convictions meet the minimum requirements of the habitual criminal statute, the finding that defendant is an habitual offender cannot be permitted to stand. ▆ Although Taylor admitted having suffered the previous convictions as alleged in the information, this is not to be construed on the appeal as an admission that the two Oklahoma convictions are competent to support a finding that he is an habitual criminal within the meaning of section 644, subdivision (b). (*In re Pearson,* 30 Cal.2d 871, 874 [186 P.2d 401], and cases cited. See, also, *People* v. *Figuieredo,* 146 Cal.App.2d 807 [304 P.2d 161].) ▆ It is well settled that an accused may challenge a finding that he is an habitual criminal on a direct appeal from the judgment. (*People* v. *Keller,* 151 Cal. App.2d 201, 203-204 [311 P.2d 14], and cases cited.) Where the finding is supported by insufficient evidence and it appears that the defect in proof could be remedied upon a retrial, the reviewing court may properly remand the cause for a limited new trial on the issue of the disputed prior convictions. (*People* v. *Morton, supra,* 41 Cal.2d 536, 542,

543-544, and cases cited.) As the record now stands, the convictions of burglary in the State of Oklahoma could have been for offenses that would not have been burglary in California, and, consequently, the People have failed to prove that the two prior Oklahoma convictions come within the requirements of the habitual criminal statute. These defects in proof might be remedied upon a retrial. (See *People* v. *Richardson, supra,* 74 Cal.App.2d 528, 539-540.)

That part of the judgment adjudging defendant an habitual criminal and imposing sentence is reversed and the cause is remanded to the trial court with directions to resentence defendant after the conclusion of the limited new trial on the issue of the challenged prior convictions.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied November 27, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1957.