[Crim. No. 3744.   First Dist., Div. Two.   Apr. 18, 1960.]

THE PEOPLE, Respondent, v. EVERETT BOND, Appellant.

James R. Mansfield, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Peter T. Kennedy, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—Defendant was charged by information with robbery (Pen. Code, § 211), and with a prior conviction for burglary. He entered a plea of not guilty to both charges. He waived a jury trial and was tried by the court which found him guilty of robbery in the second degree. During the trial, the defendant admitted the prior conviction. On appeal, he argues that: (1) The evidence is inherently improbable and insufficient to support the verdict; (2) The trial court committed prejudicial error by arraigning him during the course of trial after his admission of the prior felony conviction; (3) The information failed to charge a public offense. There is no merit in any of these arguments.

The facts as revealed by the record are as follows: On the evening of Friday, May 29, 1959, the defendant, one Bill Krumm, and the victim, William D. Demic, went to a bar in Oakland. Later in the evening, the defendant and the victim ended up drinking at Roy's Bar. The victim then agreed to accompany the defendant to another bar, the Old Homestead. They drove in the victim's car. When they arrived, the defendant slugged the victim and took his wallet which contained about $170. The defendant left and the victim reported the matter to the police.

The defendant proceeded to the home of his then fiancée, Janet Mae Rosberg, and told her he had been in a fight and slugged one of his drinking companions. Miss Rosberg testified that the defendant later asked her to tell the victim that if he dropped the charges, the wallet would be returned.

The defendant admitted all of the above facts except the actual taking of the wallet from the victim. He did however admit the above conversations with Miss Rosberg. There can be no question that on these facts, there is sufficient substantial

evidence to support the conclusion reached by the court below. (*People* v. *Daugherty*, 40 Cal.2d 876 [256 P.2d 911].)

The next argument is that the trial court erred in arraigning the defendant on his prior conviction during the course of the trial. It is impossible to see how the arraignment could have prejudiced the appellant since it is a procedural result of his admission of the prior conviction. Even if the defendant had not admitted the prior conviction, he could have been cross-examined about it. (Pen. Code, § 969½.)

The purpose of the arraignment is to inform a defendant in court of the charge against him and to give him an opportunity to enter a plea or make a motion to set aside the accusatory pleading. (Pen. Code, §§ 977, 978, 988, 995, 1003-1006.) In the instant case, the minutes show that defendant on arraignment stood mute as to the prior and denial was accordingly entered (Pen. Code, § 1024). When the matter came up during the early part of the trial, his counsel informed the court that the defendant would admit the prior, whereupon his admission was received by the court. All the statutory requirements for a proper arraignment were met—the defendant was present in court with counsel. Furthermore, where the defendant makes no objection to the court below to the timeliness of his arraignment, he cannot complain on appeal. (*People* v. *Gillette*, 171 Cal.App.2d 497 [341 P.2d 398].)

Defendant's final argument relating to the sufficiency of the information should have been raised at an earlier stage by motion under section 995 of the Penal Code. (Pen. Code, §§ 995 and 996; *People* v. *Middleton*, 103 Cal.App. 135 [283 P. 976]; *People* v. *Rankin*, 169 Cal.App.2d 150 [337 P.2d 182].) We need to note only that *People* v. *Campbell*, 40 Cal. 129, cited by the defendant was decided prior to the 1927 amendment to section 951 of the Penal Code and that we have previously held that an information in the identical language here used was proper and, in the short form prescribed by section 951 of the Penal Code. (*People* v. *Sorrentino*, 146 Cal. App.2d 149 [303 P.2d 859]; *People* v. *Beal*, 108 Cal.App.2d 200 [239 P.2d 84].)

Judgment affirmed.

Draper, J., and Good, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.