[Crim. No. 7312. Second Dist., Div. One. Mar. 3, 1961.]

THE PEOPLE, Respondent, v. GEORGE H. VOSSBRINK, Appellant.

Frank Duncan for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

LILLIE, J.—By information defendant was charged with two counts of robbery, one of burglary and one of attempted robbery; he pleaded guilty to first degree robbery as charged in Count I. It was also alleged that defendant had been previously convicted of three felonies and had served separate terms of imprisonment therefor in the state prison, to wit: larceny of motor vehicle in Missouri in 1948, burglary in Oklahoma in 1951, and burglary and larceny in Missouri in 1954. He denied the prior convictions and waived his right to a jury. The trial court found the first alleged prior conviction to be not proven, and the two remaining to be true; dismissed Counts II, III and IV of the information; found defendant to be an habitual criminal under section 644, subdivision (a), Penal Code; denied probation and sentenced him to the state prison for the term prescribed by law. Defendant appeals from the ''judgment and finding of habitual criminal''; he argues that there is no proof that the offenses of which he was convicted in Oklahoma and Missouri were equivalent to any enumerated in section 644, subdivision (a), California Penal Code.

The evidence offered by the People on the issue of the prior convictions consisted of Exhibit 7, which included certified copies of judgment and sentence and fingerprint and prison records, and a stipulation that defendant is one and the same person referred to in Exhibit 7. There was no testimony relative to the elements of the offenses charged as defined by the laws of Oklahoma and Missouri; and the record before us is bare of any reference by the court to the Oklahoma or Missouri statutes, of which it could have taken judicial notice (Code Civ. Proc., § 1875, subd. 3).

Under section 644, subdivision (a), Penal Code, every person convicted in this state of various named offenses, including robbery, who shall have been previously twice convicted upon charges for which he has served terms therefor in any

state prison for certain specified crimes, shall be adjudged an habitual criminal and shall be punished by imprisonment in the state prison for life. Among those crimes specified in section 644, subdivision (a), are "burglary" and "grand theft"; but a review of the evidence discloses no proof that the offenses of which defendant was convicted in Oklahoma (burglary) and Missouri (larceny) were equivalent to those enumerated in section 644, subdivision (a) (burglary and grand theft).

 "A sentence of life imprisonment, which follows an adjudication that the defendant is an habitual criminal, is a serious one. The People must prove the alleged prior convictions beyond a reasonable doubt. (See *In re McVickers,* 29 Cal.2d 264, 278 [176 P.2d 40]; *In re Lamey,* 85 Cal.App. 2d 284, 289 [193 P.2d 66]; and cases there cited.)" (*People* v. *Morton,* 41 Cal.2d 536, 539 [261 P.2d 523].) Two things are necessary for proof under section 644, subdivision (a)— that the defendant has previously suffered two convictions for offenses enumerated therein (*People* v. *Taylor,* 155 Cal.App. 2d 26 [317 P.2d 167]), and, if one or both are suffered in another state, it must appear that the minimum elements of the foreign offenses are substantially similar to the minimum elements of the crimes listed in the section (*People* v. *Morton,* 41 Cal.2d 536 [261 P.2d 523]; *In re Wolfson,* 30 Cal.2d 20 [180 P.2d 326].) In other words, the crimes enumerated in section 644 must be understood to be offenses as defined in the laws of California and, if committed elsewhere, regardless of the names by which they may be designated, must in their substance come within California's definitions of the listed crimes. (*In re McVickers,* 29 Cal.2d 264 [176 P.2d 40].)

"Burglary" and "grand theft" are two of the offenses listed in section 644, subdivision (a). In California, burglary is committed by entry into specified structures with intent to commit grand or petit larceny or any felony. (Pen. Code, § 459.) The information at bar alleges that on November 7, 1951, defendant was convicted of burglary in Oklahoma; Exhibit 7 reveals that defendant pleaded guilty to the lesser included offense of burglary second degree and served a term of imprisonment in the Oklahoma State prison. The Oklahoma statute defines second degree burglary in the following language: "Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal

therein or to commit any felony, is guilty of burglary in the second degree." (21 Okla.St.Ann., tit. 21, § 1435.)

The terms of the Oklahoma statute are broader than those appearing in section 459, California Penal Code, the former specifying "any . . . automobile, truck . . .," whereas our Penal Code includes in those structures of which entry is forbidden "vehicle as defined by" our Vehicle Code "when the doors of such vehicle are locked" (§ 459). It is apparent from an examination of both sections that the Oklahoma statute includes in its definition of second degree burglary the doing of certain acts which would not constitute such an offense in California. The evidence before us does not disclose the type of structure entered by defendant in Oklahoma. It is, of course, quite possible that the defendant committed burglary in a vehicle, the doors of which were not locked, which could not constitute burglary in this state.

Nor does the proof reveal when the crime in Oklahoma was committed. This too could be an important factor, for until their repeal in 1941, sections 1433 and 1434 of title 21, Oklahoma Statutes, defined certain entries as second degree burglary if made "with intent to commit any crime" (21 Okla. St.Ann. (1937), §§ 1433, 1434, repealed 1941), not limited as in section 459, California Penal Code, to "intent to commit grand or petit larceny or any felony." The repeal of the Oklahoma statutes did not preclude subsequent prosecution for violations thereof. It is clear then that the circumstances of an entry made in Oklahoma prior to 1941 may not constitute the same burglary under California law, thus "proof of the nature of the Oklahoma offense and, possibly, the date of its commission, would be necessary to a determination that defendant is a 'habitual criminal' under our statute." (*People* v. *Stanphill,* 166 Cal.App.2d 469, 470 [333 P.2d 270].) Although it is unlikely that defendant committed the offense in Oklahoma when he was but 13 years of age, it is nevertheless conceivable that he could have done so prior to the 1941 amendment.

 Inasmuch as the Oklahoma statute includes in its definition of second degree burglary the doing of certain acts which would not constitute such an offense under California law (*People* v. *Stanphill,* 166 Cal.App.2d 469 [333 P.2d 270]), and it does not appear from the charge in the information nor from the proof offered by the People when the entry was made and of what it consisted in Oklahoma, we cannot conclude that defendant was convicted of a crime which is specified by section 644, subdivision (a), Penal Code.

■ The third prior·conviction alleged in the ·information consists of one for "burglary and larceny" in Missouri in 1954; Exhibit 7 discloses the same and that he served therefor a term of imprisonment in the State Prison. Although a burglary committed under Missouri statutes (R.S. 1939, §§ 4434, 4435, Mo. St. Ann., §§ 560.040-560.045) would appear to constitute a burglary under our section 459, there is considerable doubt relative to the offense of larceny. The Missouri statute defines larceny as follows: "Every person who shall be convicted of feloniously stealing, taking and carrying away any money, goods, rights in action, or other personal property, or valuable thing whatsoever of the value of thirty dollars or more, or any horse, mare, gelding, colt, filly, ass, mule, sheep, goat, hog or neat cattle, belonging to another, shall be deemed guilty of grand larceny; and dogs shall for all purposes of this chapter be considered personal property. (R.S. 1939, § 4456.)" (Mo. St. Ann., § 560.155.) Larceny committed under this statute would not necessarily constitute grand theft under California section 487, subdivision 1, defining the crime wherein it is necessary that the property taken exceed $200 in value. The evidence relative to the offense in Missouri discloses neither the kind of larceny involved, nor the property taken or its value.

For the foregoing reasons that part of the judgment adjudging defendant an habitual criminal and imposing sentence is reversed and the cause is remanded to the trial court with directions to resentence defendant after the conclusion of the limited new trial on the issue of the challenged prior convictions. (*People* v. *Morton,* 41 Cal.2d 536 [261 P.2d 523]; *People* v. *Taylor,* 155 Cal.App.2d 26 [317 P.2d 167].)

Wood, P. J., and Fourt, J., concurred.