George Thomas BEVINS, Appellant,

v.

John H. KLINGER, Warden, Appellee.

No. 20407.

United States Court of Appeals
Ninth Circuit.

July 22, 1966.

On Rehearing Aug. 26, 1966.

George Thomas Bevins, Los Padres, Cal., in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Thomas Kerrigan, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before MADDEN, Judge, United States Court of Claims, and BARNES and ELY, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from a denial of a writ of habeas corpus by the United States District Court for the Southern District of California, Central Division, after conviction and appeal in the state courts.

Jurisdiction existed below pursuant to 28 U.S.C. § 2241, and exists here pursuant to 28 U.S.C. § 2253.

Since this case has been placed on our calendar, appellant has requested leave, in writing, "to drop every other contention regarding my case and abandon my appeal excepting for the adjudication of the Habitual Criminal Act."[1]

---

1. California Penal Code § 644:
 "644. *Habitual criminals; life imprisonment; exceptional cases, discretion of court; effect upon death penalty*
 (a) Every person convicted in this State of the crime of robbery, burglary of the first degree, burglary with explosives, rape with force or violence, arson as defined in Section 447a of this code, murder, assault with intent to commit murder, train wrecking, felonious assault with a deadly weapon, extortion, kidnaping, escape from a state prison by use of force or dangerous or deadly weapons, rape or fornication or sodomy or carnal abuse of a child under the age of 14 years, or any act punishable under Section 288 of this code, conspiracy to commit any one or more of the aforementioned felonies, who shall have been previously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any state prison and/or federal penal institution either in this State or elsewhere, of the crime of robbery, burglary, burglary with explosives, rape with force or violence, arson, murder, assault with intent to commit murder, grand theft, bribery of a public official, perjury, subornation of perjury, train wrecking, feloniously receiving stolen goods, felonious assault with a deadly weapon, extortion, kidnaping, mayhem, escape from a state prison, rape or fornication or sodomy or carnal abuse of a child under the age of 14 years, or any act punishable under Section 288 of this code, conspiracy to commit any one or more of the aforementioned felonies, shall be adjudged a habitual criminal and shall be punished by imprisonment in the state prison for life;"

People v. Taylor, 155 Cal.App.2d 26, 317 P.2d 167 (1957), is the California State court decision on which appellant now desires to rest his appeal.[2] In support of assignment of error IV the appellant here points out that in *Taylor,* supra, where the defendant had admitted three prior felony convictions, two of which were foreign convictions, the court said (155 Cal.App.2d at 28, 317 P.2d at 170):

> "Since there was no proof that the two prior foreign convictions meet the minimum requirements of the habitual criminal statute, the finding that defendant is an habitual offender cannot be permitted to stand. Although Taylor admitted having suffered the previous convictions as alleged in the information, this is not to be construed on the appeal as an admission that the two Oklahoma convictions are competent to support a finding that he is an habitual criminal within the meaning of section 644, subdivision (6)." (Notes omitted.)

Appellant then points to what he alleges is contrary language in People v. Gillette and Bevins, 171 Cal.App.2d 497, 506, 341 P.2d 398, 403 (1959), (wherein this defendant's conviction of robbery with a deadly weapon, a felony, was affirmed):

> "When a defendant has admitted a prior conviction, there is no requirement that the prosecution produce evidence of the nature of the conviction."

These two statements of law are inconsistent on their face. But we must read the rest of each opinion; the facts on which such statements were based; and the law which each relied upon to establish the validity of their respective pronouncements.

We think appellant would agree that *if,* on his trial, he had admitted prior convictions, and further, had admitted *that said convictions were for offenses* enumerated in section 644 of the California Penal Code, then there would be no issue

for the state to prove against him, and no obligation on the state to produce proof of the nature of the foreign convictions.

In *Taylor,* supra, the defendant admitted two convictions for burglary in Oklahoma in 1939 and 1941, and a similar conviction for burglary in California in 1947. The court in *Taylor* points out that the three convictions admitted did not prove three convictions coming within section 644(b) of the California Penal Code. The *Taylor* opinion went on (155 Cal.App.2d at 28, 317 P.2d at 169):

> "In California, burglary is committed by the entry into certain specified structures 'with intent to commit grand or petit larceny or any felony * * *'. Pen.Code, § 459. Under the Oklahoma statutes, first degree burglary is defined as the breaking and entering into the dwelling house of another in the nighttime 'with intent to commit some crime therein.' 21 Okl.St. Ann. § 1431 [p. 563]. The requisite intent for second degree burglary is an 'intent to commit some crime' (sections 1432 [p. 567], 1433 [p. 567], 1434 [p. 568]), except that second degree burglary may also be committed by breaking and entering into certain specified structures 'with intent to steal therein or to commit any felony.' 21 Okl.St.Ann. § 1435 [p. 568]. The information merely alleges that defendant was convicted in Oklahoma of 'burglary, a felony' in 1939 and 1941 and that he served prison terms on each conviction. The records of the Oklahoma convictions are not before us. It may well be that defendant was prosecuted under the statutes which permit a conviction of burglary for breaking and entering with intent to commit some misdemeanor other than petit theft, and we must presume on the appeal that he was convicted of the least offense. People v. Lohr, 28 Cal.App.2d 397, 399, 82 P.2d 615. See, also, People

---

**2.** Appellant, after the filing of his brief, advised this court, in writing, "My entire case is based on People v. Taylor, and the state court ruling one way in his favor and another way against me."

v. Richardson, 74 Cal.App.2d 528, 540, 169 P.2d 44." (Notes omitted.)

Justice Shinn (author of the opinion in *Taylor*) then followed with the statement quoted above by appellant (155 Cal. App.2d at 28, 317 P.2d 167), and pointed out that the case was required to be remanded for further proof of the nature of the convictions taking place under Oklahoma law.

As authority that there can be no waiver of the burden of proof resting on the prosecution, Justice Shinn cites and relies upon In re Pearson, 30 Cal.2d 871,

874, 186 P.2d 401 (1947), and cases cited.[3] See also People v. Figuieredo, 146 Cal.App.2d 807, 304 P.2d 161 (1956).[4]

As authority that admission of the prior convictions is a waiver by defendant, relieving the prosecution from the burden of proving that they fall within California Penal Code § 644, Justice Fox (author of the opinion in People v. Gillette and Bevins, supra) cites People v. Herod, 112 Cal.App.2d 764, 766, 247 P.2d 127 (1952),[5] People v. McConnell, 86 Cal.App.2d 578, 580, 195 P.2d 34 (1948),[6]

3. In re Pearson was decided in 1947. The cases cited are: In re Seeley, 29 Cal.2d 294, 176 P.2d 24 (1946); In re McVickers, 29 Cal.2d 264, 176 P.2d 40 (1946); In re Harincar, 29 Cal.2d 403, 176 P.2d 58 (1946); In re Wolfson, 30 Cal.2d 20, 180 P.2d 326 (1947).

These "last-cited cases," says Justice Schauer in *Pearson*, supra, "establish that 'a petitioner may attack and secure relief in habeas corpus from an erroneous adjudication of habitual criminal status where the facts appearing, either *from the face of the record or by satisfactory proof*, show that *as a matter of law* the prior conviction is of a crime which does not meet the definition of an offense included in said section 644.' (In re Seeley, supra [p. 299 of 29 Cal.2d, 176 P.2d 28]." (Emphasis added.)

We note that In re Pearson, supra, is a 4–3 decision as to parts II and III of the opinion. All portions quoted above are from parts II and III. The three concurring Justices (Spence, Edmonds and Traynor) concurred in the result required by their acceptance of parts I and IV of the opinion, and were of the opinion that parts II and III were "wholly unnecessary" to the opinion.

4. Here Hagan was the sole appellant. He was charged with two counts of robbery. Four prior felony convictions were alleged against him, and admitted. Defendant was twice convicted. On appeal his convictions were affirmed. On petition for habeas corpus he raised no question as to the effect of his admission of four prior felony convictions, nor whether there was proof they were felonies in California, but only that "of lack of proof as to service of separate terms of imprisonment." (p. 809)

Thus this case is here important only with respect to procedures for remand.

5. People v. Herod, 112 Cal.App.2d 764, 247 P.2d 127 (1952), was an appeal from a denial of a writ of error *coram nobis*. It supports Justice Fox's statements with the following language and citations:

"The contention that the District Attorney failed to carry his burden of proof as to the prior felony convictions likewise cannot be determined in these proceedings. There is no such burden of proof when, as here, the defendant admitted the convictions in open court. People v. Stone, 69 Cal.App.2d 533, 536, 159 P.2d 701; In re Gilliam, 26 Cal.2d 860, 866, 161 P.2d 793. When a defendant admits prior convictions there is no requirement that the prosecution produce evidence of the nature of the convictions. People v. McConnell, 86 Cal. App.2d 578, 195 P.2d 34. The question whether the prior convictions alleged to have been committed in Texas were felonies in California was determined by defendant's admission in court and is not open to review in these proceedings. People v. McVicker, 37 Cal. App.2d 470, 473, 99 P.2d 1110; People v. Harincar, 49 Cal.App.2d 594, 596, 121 P.2d 751. Moreover, four of the prior convictions alleged in the Amended Information were for Burglary and the other two for Grand Theft. These are among those mentioned in section 644(b) of the Penal Code upon which one may be adjudicated an habitual criminal." (Notes omitted.) (112 Cal. App.2d at 766, 247 P.2d at 128.)

6. People v. McConnell, 86 Cal.App.2d 578, 195 P.2d 34 (1948), was a direct appeal by defendant Edwards for a robbery conviction. He had been charged with two priors: "auto theft" in Kansas in 1928; kidnaping in Kansas in 1933. Edwards admitted each prior conviction charged at the trial. On appeal he urged that "au-

People v. Lyle, 21 Cal.App.2d 132, 68 P.2d 378 (1937).[7]

■ Justice Fox's opinion goes on to consider the Nebraska law as to burglary and the Iowa law as to receiving stolen property, and finds each a crime falling within California Penal Code § 644.[8] This becomes the law of this case, and eliminates one of the two matters described in In re Pearson, supra (see italicized portion of note 3 supra), permitting relief to a prisoner through a petition for a writ of *habeas corpus*. Justice Fox was able, by a study of the Nebraska law of burglary, to determine that state had a burglary statute that fell within § 644— Justice Shinn was not able to make the same finding with respect to the Oklahoma law of burglary in *Taylor*, supra.

■ Appellant thus has but one possibility left from his reliance on People v. Taylor, supra (based in turn on In re Pearson, supra), i. e., the presentation of *satisfactory proof* that *as a matter of law* the prior convictions were of crimes which did not meet the definition of an offense included in said § 644. This burden is on petitioner in a habeas corpus proceeding; not on the prosecution, as it was at the trial until a waiver took place.

The same question petitioner now seeks to raise was raised on the appeal, and decided by Justice Fox adversely to petitioner's present assertions:

"Relying on People v. Morton, 41 Cal.2d 536, 261 P.2d 523, appellant points out that before his burglary conviction in Nebraska could properly be considered in adjudging him an habitual criminal the crime of burglary in Nebraska must have substantially the same elements as the crime of burglary in California. He argues that the elements of the crime are not the same in the two jurisdictions. But a comparison of the statutes defining burglary in the two states clearly refutes his argument. What has been said about appellant's burglary conviction in Nebraska applies generally to his conviction in Iowa for receiving stolen property. There can be no doubt that the trial court was entitled to take both of these admitted felonies into account in adjudging appellant an habitual criminal under Penal Code section 644." (People v. Gillette and Bevins, 171 Cal.App.2d at 506, 341 P. 2d at 403.)

We have attempted to examine any authority in California subsequent to both People v. Taylor, supra, and People v. Gillette and Bevins, supra. People v. Taylor, supra, has been cited but three times since 1957.[9]

to theft" was not a crime mentioned in Cal.Penal Code § 644, and that his imprisonment in a state industrial reformatory was not imprisonment in a state prison. "There is no merit in this contention since defendant admitted them. People v. De Soto, 33 Cal.App.2d 478, 481, 92 P.2d 466."

7. People v. Lyle, 21 Cal.App.2d 132, 137, 68 P.2d 378, 381 (1937), presents the theory of waiver by the defendant. (And quoted in People v. Gillette and Bevins, supra, 171 Cal.App.2d at 506, 341 P.2d 398.) The court in Lyle then went into some detail:

"[T]he information contained a full and complete description of the prior offenses, the courts wherein judgments of conviction were pronounced, the dates of said judgments, and the fact that in each instance as punishment therefor appellant served a term in a designated penal institution. Appellant expressly admitted the three prior convictions of

felony which were thus described. Under these circumstances, if appellant considered that evidence was required to acquaint the trial court with the nature of the previous crimes which he had committed, the duty was imposed upon him then to submit such evidence. This he failed to do and it is now too late to complain for the first time on this appeal that evidence in which he alone was interested and which he should have presented was not submitted."

8. We note the trial judge disregarded the third prior conviction admitted by appellant at the trial, namely a federal Dyer Act violation. That is therefore not before us in this case, nor is it involved in the direct appeal in the California District Court of Appeal.

9. (1) People v. Stanphill, 166 Cal.App.2d 467, 333 P.2d 270 (1958), (wherein unauthenticated and uncertified proof of the alleged prior convictions was presented

At least one later case in California inferentially supports the legal theory that (a) when the previous offenses and convictions; (b) the courts where the convictions took place; (c) the dates of the judgments; and (d) the fact there were separate terms of punishment are all set forth, then the proof of all those facts by the defendant's admission proves the issue beyond a reasonable doubt, and removes any burden of proof therefor existing on the prosecution to go further in its proof.

"While we are not here concerned with the habitual criminal law (Pen. Code, § 644) and thus are not involved with the problem indicated in the quotation heretofore made from In re McVickers [29 C.2d 264, 176 P.2d 40 (1946)], still it is clear that, if the point had been appropriately raised in the trial court, the People would have been required to prove that appellant's conviction in Louisiana, for what that state denominated 'manslaughter,' could not have been for conduct which California did not punish as a felony, either under the same or under some other name. However, we think that *a defendant, if he desires to question the felonious character of his prior offense, as tested by California law, must call that issue to the attention of the trial court, either at the time he is arraigned on the allegation of the prior conviction, or at the time of sentence.* If, as here, he admits the prior felony as charged, he cannot thereafter object that proof was not made that the of-

fense was a felony under California law. When he admits the prior felony conviction he does so for all purposes unless he qualifies the admission in some particular thereby putting the People to proof." People v. Niles, 227 Cal.App.2d 749, 758–759, 39 Cal.Rptr. 11, 17 (1964). (Emphasis added.)

In People v. Gillette and Bevins, supra, a petition for rehearing was denied by the District Court of Appeal; and a petition for a hearing by the Supreme Court of California was denied August 19, 1959. A petition for *certiorari* to the Supreme Court of the United States was denied (363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729 (1960)). It has been cited seven times in subsequent opinions, but never on the point here involved.[10]

People v. Niles, supra, has been cited once, but again, on a point not here involved.[11]

 We hold the two cases—Bevins' own appeal and People v. Niles, supra, define the law of California. We believe the general legal rule is that if a defendant desires to object to the prior conviction charged, he must do so at the trial (so that the prosecution may then be put on its proof), and if no objection be then made, defendant has waived his objection, and can raise it subsequently only by habeas corpus proceedings. In such event the obligation rests upon him to establish the correctness of his contention that he has, as a matter of law, been deprived of a constitutional right. And under the authority of In re Pear-

---

to the trial judge at the time of fixing sentence, and a retrial of the habitual criminal sentence was ordered).

(2) People v. Vossbrink, 189 Cal.App. 2d 677, 11 Cal.Rptr. 857 (1961), recites merely the general rule that the minimum elements of the foreign offenses are substantially similar to the minimum elements of the crimes listed in the section (189 Cal.App.2d at 679, 11 Cal.Rptr. 857), and describes the procedure for a new trial limited to the habitual criminal issue (189 Cal.App.2d at 681, 11 Cal.Rptr. 857).

(3) Annotation, 79 A.L.R.2d 826, 829 (1961).

None of these references aid us in solving the instant problem.

10. People v. Bond, 179 Cal.App.2d 820, 822, 4 Cal.Rptr. 446 (1960); People v. Bly, 191 Cal.App.2d 352, 358, 12 Cal.Rptr. 542 (1961); People v. McGraw, 191 Cal. App.2d 876, 881, 13 Cal.Rptr. 44 (1961); People v. Wyback, 193 Cal.App.2d 754, 758, 14 Cal.Rptr. 501 (1961); People v. Johnson, 203 Cal.App.2d 624, 629, 21 Cal. Rptr. 650 (1962); People v. Jordan, 204 Cal.App.2d 782, 788, 22 Cal.Rptr. 731 (1962); People v. Gonzales, 217 Cal.App. 2d 41, 49, 31 Cal.Rptr. 540 (1963).

11. People v. Jenkins, 231 Cal.App.2d 928, 935, 42 Cal.Rptr. 373 (1965).

son, supra, relied upon in People v. Taylor, supra, neither (a) the facts in the record, nor (b) the allegations in the petition or briefs on file, show, *as a matter of law* (nor as a matter of fact, for that matter), that the prior convictions admitted were of crimes which did not meet the definition of an offense included in California Penal Code § 644.

The denial of the writ of habeas corpus is affirmed.

## On Appellant's Petition For Rehearing

Appellant's petition for rehearing asserts that this court failed to consider twelve of his thirteen assignments of error contained in his appeal from a denial of his petition for a writ of habeas corpus by the district court. This because of a misinterpretation of a letter written by appellant to this court, interpreted by us as a waiver of all points save the applicability to appellant of the California Habitual Criminal Act.

The petition for a rehearing is granted. Our previous opinion is modified by the addition of the following:

*Assignments I, II and IV* were discussed in detail in our previous opinion and disposed of adversely to appellant.

*Assignment III* relates to comment on defendant's failure to take the stand. Appellant relies on Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1964). In Tehan v. United States ex rel. Shott, 382 U.S. 406, at 419, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966) the Supreme Court held the *Griffin* rule did not require, and did not have, retrospective application.

■ *Assignment V* claims a delay of sentence for fifty days after conviction, while the judge is awaiting a probation report, or convenience of counsel, is a denial of due process. The petition on file discloses this state court recital of the facts:

"On December 6, 1958,[1] the date upon which the verdict was returned the court in the exercise of its discretion (Penal Code 1203) referred the matter to the probation officer and set the hearing for January 3, 1958. On the latter date counsel for appellant requested a continuance in order to get application for probation on file."

Thus appellant, through counsel, waived his right to immediate sentence.

■ But even had he not done so, appellant's position is based on the provisions of § 1191, California Penal Code, as it read prior to the 1951 amendments, which were in effect at the time of appellant's sentence. (That amendment gave authority to the trial judge to extend the time for pronouncing judgment beyond twenty-one days, plus ten days for an arrest of judgment.)

The court *"must* appoint a time for pronouncing judgment, * * * and *may* further extend the time until the probation officer's report is received and until any proceedings for granting or denying probation have been disposed of." West's California Annotated Penal Code § 1191, and Note. (Emphasis added.)

Even though the defendant is not entitled to or even eligible for probation, the court "may in his discretion refer the matter to the probation officer for an investigation of the facts relevant to sentence." Calif.Penal Code § 1203, last ¶.

Thus Assignment of Error V is without merit.

■ *Assignment VI* rests on appellant's *conclusion* that he "was convicted solely on the testimony of Inspector Wiggins." The recital of facts in the appellate court's opinion on his direct appeal demonstrates beyond doubt appellant's conclusion is false. People v. Gillette and Bevins, 171 Cal.App.2d 497, 498, 341 P.2d 398. Therein is described appellant's identification by the witness Wood, the head food clerk in the Safeway store whom appellant robbed at the point of a gun. Appellant on his direct appeal questioned the value of Wood's positive identification, by asserting Wood "was an unreliable witness" because of

---

1. "1958" appears in appellant's petition. It should be "1957".

his "fear of the gun." We agree with the appellate court the evidence was competent, and more than sufficient to convict the appellant. His theory has no merit.

■ Nor was Wiggins' statement, given to him by defendant at the time of arrest, inadmissible because appellant had no attorney. This is not an *Escobedo* case, and if it were Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (decided June 20, 1966), disposes of the matter.

*Assignment VII* is without merit. Appellant's petition discloses his reason for his guilty plea. He already had one life sentence hanging over him, and another was supposedly of little consequence to him.

■ *Assignment VIII* relates to alleged inefficient representation by counsel at certain times during the state court proceedings. On its face, the charge is insufficient to present the issue as to whether the representation was so grossly inadequate or incompetent as to taint the conviction with unconstitutionality.

■ *Assignment IX* relates to prior notice of an intent by the prosecutor to invoke the Habitual Criminal Act. No person is required to be given notice that if he commits a crime certain charges may follow. Appellant was not charged with a separate offense; he was at his trial given a judicial hearing on the applicability of the Act. We know of no notice required by law to be given malefactors, other than the notice implied to all to know the law, at their peril.

*Assignment X* alleges unseasonable arraignment. The California Appellate Court has already ruled on this point, holding a waiver by appellant by lack of objection. 171 Cal.App.2d 505, 341 P.2d 398.

*Assignment XI* is alleged insufficiency of the evidence, and *Assignment XII* is alleged prosecution's errors (a) in presentation of evidence, (b) in argument to the jury, (c) in argument as to what the sentence should be, and (d) error in

failure to record conversations between counsel and court at the bench.

Although neither of these last two assignments of error were included in appellant's petition below, we have examined them and find them to be without merit.

Finding no error, the denial of the writ of habeas corpus, upon reconsideration, is affirmed.